THE STATE OF CONNECTICUT *vs.* FRANK J. McGEE.

Third Judicial District, Bridgeport, April Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In a criminal prosecution under § 1296 of the General Statutes, the gist of the offense is the threatening or following, etc., with the purpose or intent to intimidate, and it is not necessary, to constitute the crime, that the person who is threatened shall in fact be intimidated, provided the threats are such as are calculated to

intimidate or put in fear an ordinarily firm and prudent man and are understood by the person to whom they are directed as intended to frighten and intimidate.

It is not an offense at common law to threaten another with intent, by intimidating him, to compel him to refrain from working for another.

The information charged that the accused did "by threatening, following, mocking and annoying, intimidate" a workman to compel him, "against his will, to refrain from working in the employ of" *A.* The accused neither demurred nor moved in arrest of judgment, but, together with the court and the prosecution, treated the information as charging an offense under the statute. *Held:—*

1. That the information did not directly charge the accused with threatening and was bad in form.

2. That the accused could not obtain a new trial for amendable defects in the information of which he had not seasonably taken advantage, and upon a question not raised by his reasons of appeal.

General Statutes, § 660, as amended by chapter 212 of the Public Acts of 1905, provides that "the respective clerks" of certain courts "shall publicly, and in the presence of any judge of any one of said courts and the sheriff in each county, or one of his deputies, draw" the names of the jurors to attend such court. A deputy-sheriff, in the absence of the clerk of the court but in the presence of a judge of the court and the assistant clerk, and by direction of the latter, put his hand in the boxes and drew the slips marked with the jurors' names and handed the same to the assistant clerk. *Held* that the drawing of the slips containing the names of the jurors is an official duty and must be performed either by the clerk, or, in his absence, by the assistant clerk personally, and cannot be delegated; and that the jury as drawn was illegal.

General Statutes, § 664, providing that "no verdict shall be set aside on account of any irregularity in summoning the jury," applies to cases where, without taking exception to the panel or members of it as improperly summoned, a party proceeds to trial, and, after verdict, seeks to have it set aside; and does not apply to an appeal from the ruling of the court disallowing a challenge duly taken to an illegal panel.

Peremptory challenges are allowed (General Statutes, § 1507) upon the arraignment of an accused, and not upon the several counts or for the several crimes charged. The accused cannot multiply his challenges by the number of counts contained in the complaint.

Under the practice in this State the accused is not entitled, as a matter of strict right, to examine each juror under oath; the allowance of such examination is within the discretion of the court. When it does not appear either that the accused was injured by the re-

fusal to allow it, or that the court's discretion was unfairly exercised, the refusal does not furnish ground for a new trial.

Argued April 23d—decided June 2d, 1908.

INFORMATION for threatening and intimidating certain employees, with intent to compel them, against their will, to refrain from working for their employer, brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*William Kennedy* and *Walter J. Walsh,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, and *Robert C. Stoddard,* for the appellee (the State).

THAYER, J. The information is in four counts, each for a distinct offense, charging that the accused did "by threatening, following, mocking and annoying, intimidate" the person named in such count, to compel him, "against his will, to refrain from working in the employ of the Mc-Lagon Foundry Company." Section 1296 of the General Statutes provides that "every person who shall threaten, or use any means to intimidate any person to compel such person, against his will, to do or abstain from doing any act which such person has a legal right to do, or shall persistently follow such person in a disorderly manner, or injure, or threaten to injure, his property, with intent to intimidate him," shall be punished by fine or imprisonment. The accused did not demur to the information, or move in arrest of judgment after verdict, but now claims that the information does not charge an offense under the statute. The gist of the offense created by the statute is the threatening or following, etc., with the purpose or intent to intimidate, and it is not necessary, to constitute the crime, that the person who is threatened shall in fact be intimidated, provided the threats are such as are calculated to in-

timidate or put in fear an ordinarily firm and prudent man. The information does not directly charge the accused with threatening, but it does so argumentatively when it charges that he intimidated by threatening. The information is bad in form, but the accused did not take advantage of the defect in the proper way. No question appears to have been raised upon the trial that an offense under the statute was not charged in the information. Both the parties and the court treated it as a prosecution under § 1296. It is not an offense at common law to threaten another with intent, by intimidating him, to compel him to refrain from working for another, and unless an offense under the statute is charged, no offense is charged. The defendant cannot now obtain a new trial for amendable defects in the information of which he did not seasonably take advantage, and upon a question not raised by his reasons of appeal.

As already stated, it was not necessary that the parties threatened should have been actually intimidated. The court, therefore, correctly refused to charge, as requested, that actual intimidation was necessary, and committed no error in charging, as it did, that "it is not necessary in order to prove a crime under this statute, that the person to whom the threats are made, or whom it is sought to intimidate, should be in fact made to fear or be in fact intimidated. It is only necessary to prove that the threats and acts are such as would be calculated to cause the ordinary man to fear or to affect his mind in such a way that he could not voluntarily act or assent. It is necessary, however, under this statute, that the threat or means of intimidation should be understood by the person at whom or against whom they are directed, as intended to frighten or intimidate him. . . . They should be of such nature that he understands them to be threats and intimidation." This precluded the jury from finding a verdict against the accused, if they found " that the words claimed to have been uttered by the accused were in fact uttered in a friendly spirit or bantering way, as by way of a joke," and was a sufficient response to the defendant's request upon that

subject. It also, in connection with the language used in other parts of the charge, sufficiently answers the defendant's request to charge as to the meaning of intimidation as used in the statute.

Before proceeding to trial, the accused filed a challenge to the array of jurors then present and attending the October criminal term in which the case was pending, because (1) the names of the jurors, when they were summoned for the September criminal term, were not drawn from the boxes by the clerk of the court, as the statute provides, and because (2) the October criminal term was not the term next succeeding the September criminal term for which they were summoned, a September civil term having intervened. He also, at the proper time, moved that he be allowed to challenge peremptorily two jurors for each count of the information, and that he be allowed to examine each juror individually before he should be sworn or accepted, in order to ascertain whether, for any cause, the juror was unfit or incompetent to try the case. The challenge to the array was disallowed, and the motion overruled, and these rulings are made grounds of appeal.

General Statutes, § 1507, provides that an accused, when arraigned for any offense before the Criminal Court of Common Pleas, may peremptorily challenge two jurors. In the Superior Court he may challenge the same number, except in three classes of cases, wherein a greater number of such challenges is allowed, graduated according to the punishment. *State* v. *Neuner*, 49 Conn. 232, 233. As regards the number of challenges permitted, the class of the case is fixed by the maximum punishment to which the accused is liable if convicted of any offense charged in the indictment or information, no matter how many counts may be contained therein. The challenges are allowed upon his arraignment, and not upon the several counts or for the several crimes charged. He cannot multiply his challenges by the number of counts contained in the complaint.

Under our practice the accused was not entitled, as a matter of strict right, to examine each juror individually

as to his qualifications. It was within the discretion of the trial court, and unless it appears that the discretion was improperly exercised, or that the defendant was injured by the refusal, it is not ground for a new trial. *State v. Lee*, 69 Conn. 186, 194, 195, 37 Atl. 75. It does not appear in the present case that the accused was injured by the disallowance of his motion, or that the court's discretion was unfairly exercised.

The challenge to the array should have been allowed. It appears from the record that the assistant clerk, one of the judges of the Court of Common Pleas, and a deputy-sheriff went to the clerk's office for the purpose of drawing the jury, and that, in the absence of the clerk, the deputy-sheriff, by direction of the assistant clerk, put his hand in the boxes and drew the slips with the jurors' names and handed the same to the assistant clerk, who noted the names down on a piece of paper and returned the slips to the deputy-sheriff, who replaced them in the compartments of the boxes provided for the slips containing the names of the drawn jurors. The statute (General Statutes, § 660, as amended by the Public Acts of 1905, p. 409, Chap. 212) prescribes that the clerk, who is an appointee and sworn officer of the court, shall publicly, and in the presence of a judge of a court and the sheriff of the county, or one of his deputies, draw the names of the jurors from the boxes. It is thus one of the sworn duties of the clerk, and is not to be delegated by him to another. The law provides for an assistant-clerk, appointed and sworn in the same manner as the clerk and with the same duties. He, in case of the absence or inability of the clerk, is himself the clerk, and can, without delegation by the clerk, draw the jurors under the authority of the statute. But the duties of the sheriff and his deputies are different. If they draw the jurors, they do an act which is not imposed upon them by law and to the faithful performance of which they are not bound by oath or bond. The clerk could as well delegate his duties to any bystander as to one of these. The law provides, carefully, the way in which the jurors'

names shall be selected from the various towns, and the way in which they shall be placed in the various boxes, so that, if fairly drawn, it cannot be known what name will be selected. It provides that the boxes shall be kept by the clerk in his own custody. In providing that he shall draw the jurors from the boxes thus carefully guarded, it intends that he shall do so by his own hand. It is mandatory. The jury drawn by the deputy-sheriff was an illegal panel, and the challenge to the array was improperly disallowed.

The State claims that, if the jury were not properly drawn, the irregularity was one in summoning the jury, and falls within the provisions of § 664 of the General Statutes. That section provides that "no verdict shall be set aside on account of any irregularity in summoning the jury." The statute applies to cases where, without taking exception to the panel or members of it as improperly summoned, a party proceeds to trial, and, after verdict, seeks to have it set aside. It does not apply to a case like this, which is not an attempt to set the verdict aside, but is an appeal from the ruling of the court disallowing a challenge duly taken to an illegal panel.

It becomes unnecessary to inquire whether the challenge should also have been allowed upon the second ground.

There is error and a new trial is ordered.

In this opinion the other judges concurred.