STATE OF CONNECTICUT *v.* DOMINIC FERRARO

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

60

Argued November 5—decided December 24, 1958

*James D. Cosgrove,* public defender, for the appellant (defendant).

*Douglass B. Wright,* assistant state's attorney, with whom, on the brief, were *Albert S. Bill,* state's attorney, and *John D. LaBelle,* assistant state's attorney, for the appellee (state).

MELLITZ, J. On April 17, 1957, the defendant was convicted by a jury of the crime of robbery with violence. Prior to the trial, he did not know of any irregularity in the drawing of the array, and no objection or exception to the array was taken. It is stipulated that there was no lack of due diligence on the part of the defendant. He moved to set the verdict aside, and on May 14, 1957, he filed a motion in arrest of judgment on the ground that in drawing the names to comprise the array from which the trial jury was selected, a deputy sheriff rather than the clerk of the court drew the names from the jury boxes. The defendant's claim is that this was in violation of statute (Cum. Sup. 1955, § 3169d, as amended, Public Acts 1957, No. 327, § 2) and disqualified the array, although the drawing took place in the presence of a judge of the Superior Court and an assistant clerk.

The pertinent portion of § 3169d reads: "Before or during each jury session of the superior and common pleas courts in Hartford county at Hartford ... the clerk or an assistant clerk of the superior court shall, publicly, and in the presence of any judge of one of said courts and the sheriff of the county, or one of his deputies, draw from the jury box the names of as many jurors as shall be ordered to attend such courts by the judges assigned to such jury session of said courts, which names shall constitute a single jury panel for criminal and civil sessions for both of said courts." Fundamental to the integrity of our system of trial by jury is the principle that the jury must be a body impartially selected from a cross section of the community. *Smith* v. *Texas,* 311 U.S. 128, 130, 61 S. Ct. 164, 85 L. Ed. 84; *Thiel* v. *Southern Pac. Co.,* 328 U.S. 217, 220, 66 S. Ct. 984, 90 L. Ed. 1181. The provisions of § 3169d are designed to bring into court veniremen who have been so selected and thus to provide litigants with a source from which may be chosen a trial jury which will insure a fair and impartial trial. The legislature has recognized, however, that the procedure set forth in § 3169d is not the only method by which qualified persons may be brought into court to serve as jurors. General Statutes § 7925 provides for occasions when additional persons qualified to serve as jurors may be summoned as talesmen. When that becomes necessary, the provisions of § 3169d are not applicable, and the only requirement is that the persons summoned be "judicious electors." We have held that any method which insures an impartial and fair drawing of talesmen will be a proper method. *State* v. *Kelly,* 100 Conn. 727, 730, 125 A. 95.

In *State* v. *Smith,* 138 Conn. 196, 82 A.2d 816, where the accused was indicted for murder, there

were, at the start of the trial, only twenty-seven veniremen available from the array which had been drawn and summoned pursuant to statute. To complete the jury, the court directed the sheriff to summon talesmen, and 115 were called. A total of 112 prospective jurors were examined in the process of selecting the trial jury. Before the start of the trial, the accused challenged the array on the ground that there were not enough veniremen left on the regular jury list to permit the obtaining of a jury and that the use of talesmen deprived him of the safeguards he would have had if veniremen had been available. We held (p. 203) that the challenge to the array was properly overruled and that it was within the discretion of the trial court to resort to the summoning of talesmen, under the provisions of § 7925, to fill out the jury. In *State* v. *Allen,* 47 Conn. 121, 135, also a case of indictment for murder, we held that it was proper for the sheriff, of his own motion, to procure the attendance of persons from whom talesmen might be taken if they should be required, and in his discretion to supply talesmen from such persons or to take them from among outside persons; and that his discretion in this particular was limited only by the requirement of the statute that the talesmen be "judicious electors." The controlling consideration always is that, regardless of the method employed, the persons summoned should not be arbitrarily selected.

Section 7919 of the General Statutes provides that no verdict shall be set aside on account of any irregularity in summoning the jury. We have held on a number of occasions that irregularities in drawing or summoning a jury did not constitute a ground for a new trial unless they were actually or probably prejudicial to a party. *State* v. *Chapman,* 103

Conn. 453, 471, 130 A. 899; *State* v. *Frost,* 105 Conn.
326, 338, 135 A. 446; *State* v. *Chin Lung,* 106 Conn.
701, 718, 139 A. 91. "Trial by jury involves some
rule of practice or law regulating the selection of
persons to act as jurors; [and] the issue, service
and return of process for summoning them to
court . . . . Any departure from the established
rule is an error or defect, but if not taken advantage
of at the time of occurrence, or not discovered at the
time, it is a defect healed by verdict, unless it is
made fatal by the plain provisions of law, or is of
such a nature that it may have unjustly affected
the results." *State* v. *Brockhaus,* 72 Conn. 109, 112,
43 A. 850. The defendant relies upon *State* v. *McGee,*
80 Conn. 614, 619, 69 A. 1059. We held there that the
provisions of the statute which is now, as amended,
§ 3169d were mandatory and required that the
drawing of the names from the jury boxes be per-
formed personally by the clerk or, in his absence, the
assistant clerk. A drawing by a deputy sheriff,
although in the presence of a judge of the court
and an assistant clerk, was held to be illegal. A
challenge to the array had been made before the
trial proceeded, and we held (p. 620) that, the chal-
lenge having been duly taken, the accused was en-
titled, without a showing of prejudice, to compliance
by the officers with the statutory requirements. See
*State* v. *Kociolek,* 23 N.J. 400, 408, 129 A.2d 417.

A challenge to the array, based upon an irregular-
ity in its selection, must be timely. Unless it appears
that substantial injustice probably has been done, a
challenge to the array comes too late if it is made
after the verdict, even though the irregularity may
not previously have been known. *State* v. *Brockhaus,*
supra; 50 C.J.S. 1025, § 263; 31 Am. Jur. 97, § 109;
5 Wharton, Criminal Law & Procedure, §§ 1961, 1963.

Here the challenge came a considerable time after the verdict, and no showing was made by the defendant that he actually suffered any harm or prejudice. The ruling of the trial court that the verdict cured any possible irregularity in drawing or summoning the array was correct.

There is no error.

In this opinion the other judges concurred.