THE STATE OF CONNECTICUT vs. FREDERICK FERRIS.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 1148, provides for the punishment of any person who shall "carnally know and abuse any female under the age of sixteen years." *Held* that carnal knowledge and abuse as used in this section meant sexual intercourse; and that it was not necessary to a conviction to prove that the genital organs of the child were injured.

It is not necessary in a criminal prosecution that the criminal act be proved to have been committed on the precise day laid in the information. It is competent to prove its commission on any day prior to the filing of the information and within the statute of limitations. But if the State has offered evidence fixing the date of a criminal act on a certain day, and has offered no evidence of such act on any other day, it is a sufficient defense for the accused to show, as by proving an alibi, that he did not commit the crime on that day.

Where in such a case the court fully and fairly instructed the jury in regard to the evidence to prove an alibi, and charged them to compare that evidence with that of the complaining witness, in the light of the other evidence in the case, and to decide whether the State had proved the crime beyond a reasonable doubt, a statement in the charge that the crime need not be proved to have been committed on the precise day laid in the information, and that a substantial compliance with the date is sufficient, will not be interpreted as authorizing the jury to find, without any evidence, that the crime was committed on some other day than that testified to, and so disregard the evidence of an alibi.

It is within the province of the trial judge to call the attention of the jury to the evidence or lack of evidence bearing upon any point in issue in the case, and to comment upon the weight of the evidence, so long as he does not direct or advise the jury how to decide the matter.

Submitted on briefs June 2d—decided August 3d, 1908.

INFORMATION for carnally knowing and abusing a female child under the age of sixteen years, brought to the Superior Court in Fairfield County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment of guilty, and appeal by the defendant. *No error.*

*Frederic A. Bartlett, Frederick D. Keeler* and *Israel J. Cohn,* for the appellant (the accused).

*Stiles Judson,* State's Attorney, for the appellee (the State).

THAYER, J. Section 1148 of the General Statutes, under which the information was filed, provides that " every person who shall carnally know and abuse any female under the age of sixteen years " shall be punished. The

court instructed the jury that the terms "carnal knowledge" and "abuse" when applied to a female under the age of consent, in such a statute, means carnal knowledge, that "carnal knowledge" meant sexual bodily connection or sexual intercourse, and that the term "abuse" was not to be construed independently and as compelling proof of injury to the genital organs in addition to carnal knowledge. The jury were then instructed that the State must prove an act of intercourse as charged, but need not prove, in addition, any injury to the genital organs. The defendant's first assignment of error questions the correctness of this portion of the charge. The charge was correct. The precise question here raised was before us, and fully considered, in the recent case of *State* v. *Sebastian, ante,* p. 1, 69 Atl. Rep. 1054. It is unnecessary to further consider it here.

The court properly instructed the jury that as time is not of the essence of the offense charged, it was not essential to a conviction that the criminal act should be proved to have been committed on the precise day laid in the information, that a substantial compliance with the date was enough, and that a week before or a week after would be a substantial compliance with the proof as to time. The defendant objects to this portion of the charge, both upon the ground that it is not a correct statement of the law, and that as the State had offered evidence to prove and claimed to have proved that the criminal act was committed on the second day of July, as charged in the information, and no evidence had been offered to prove that it was committed on any other day, and as evidence of an alibi as to that date had been introduced by the defendant, the charge was unfair to him.

The defendant claims that the State should have been confined to proof of an act committed on the precise day alleged in the information, because, as he claims, he was only bound to be prepared to defend against an act committed on that day. But he was bound to meet any evidence admissible under the allegation which might be

offered, and under the allegation it was competent to prove that the crime was committed on any day prior to the filing of the information and within the statute of limitations. But after the State had offered its testimony fixing the date of the crime as the day alleged in the information, and no evidence had been offered tending to show that it had been committed on any other day, it was a good defense for the defendant to show that it was impossible for him to commit the act on that day. This he might do by proving an alibi. If, therefore, the charge is susceptible of the construction which the defendant puts upon it, namely, that it instructed the jury that they might, without evidence, find that the act was committed on some other day than that fixed by the State and supported by the evidence, it was erroneous. But we think that the charge as a whole is not susceptible of this construction. In the portion selected by the defendant for criticism the court was speaking of the allegations of the complaint and what might be proved under them, and what questions were thereby presented. Later the claims of the parties, the defendant's defense of an alibi and the evidence in the case, were fully and fairly called to the attention of the jury and commented on, and the jury were told that it was for them to find whether the girl or the defendant had told the truth, and that the jury were to examine the two statements in the light of the other evidence in the case, searching for such corroboration of the respective statements as might be found in the evidence, and after such search to say whether the State had proven the accused guilty as charged beyond a reasonable doubt. We think that the jury could not have understood from the charge that they might from the evidence find that the criminal act was committed on some other day than that testified to, and so disregard the defendant's defense of alibi.

It is within the province of the court to call the attention of the jury to the evidence or lack of evidence bearing upon any point in issue in the case, and to comment

upon the weight of the evidence, so long as it does not direct or advise the jury how to decide the matter. *State* v. *Duffy*, 57 Conn. 525, 529, 18 Atl. 791 ; *State* v. *Rome*, 64 Conn. 329, 337, 30 Atl. 57 ; *State* v. *Fetterer*, 65 Conn. 287, 289, 32 Atl. 394. The defendant was not harmed by the judge's suggestion to the jury in which, after calling their attention to the evidence tending' to prove that the girl was under sixteen years of age, he said to them that, so far as he knew, there was no evidence from which they could infer that she was over sixteen.

There is no error.

In this opinion the other judges concurred.