WILLARD H. STENZ v. WALTER A. SANDSTROM, CHIEF OF POLICE OF THE TOWN OF WEST HARTFORD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 3—decided December 13, 1955

*George Schwolsky,* with whom, on the brief, was *John W. Joy,* for the appellant (plaintiff).

*Douglass B. Wright,* assistant state's attorney, with whom, on the brief, was *Albert S. Bill,* state's attorney, for the appellee (defendant).

INGLIS, C. J. In this habeas corpus proceeding, the defendant made return to the writ that he was holding the plaintiff pursuant to a warrant issued by the governor of this state. The warrant directs

him to arrest the plaintiff and deliver him into the custody of certain officials of the state of New Jersey who are authorized to receive him and convey him to that state as a fugitive from justice. In the reply, the plaintiff alleged that the governor's warrant was null and void because the plaintiff was not in New Jersey on the date when the crime for which he was being extradited was committed and therefore was not a fugitive from justice.

The trial court was clearly warranted in finding the following facts: The plaintiff is being held by the defendant for extradition to New Jersey to answer a criminal complaint charging that on October 22, 1953, he violated a New Jersey statute which makes it a crime for a husband or parent to desert or to wilfully neglect to provide for the support and maintenance of his wife or his minor child or children in necessitous circumstances. On January 10, 1951, the plaintiff and Helen R. Stenz were divorced in New Jersey. In the divorce decree, the plaintiff was ordered to pay $40 a week as alimony and for the support of a minor child of the couple. On September 13, 1953, he left New Jersey. He moved to West Hartford, Connecticut, and has lived there continuously ever since. When he left New Jersey, he was in arrears in his payments of alimony and support to the amount of $1787. His former wife, with whom the child was living, was then in necessitous circumstances.

On these facts, the court concluded that the plaintiff was a fugitive from justice at the time of his arrest and that the governor's warrant upon which he was being held was properly issued. Judgment was rendered dismissing the writ and remanding the plaintiff to the custody of the defendant. From this judgment the plaintiff has appealed. The gist of

his claim is that inasmuch as on October 22, 1953, the date stated in the criminal complaint as being the date when the crime was committed, he was in Connecticut and had been here since the preceding September 13, he was not a fugitive from justice.

It is, of course, true that a governor has no jurisdiction to issue a warrant for the return to a demanding state of a person charged with a crime unless there is probable cause that the person is a fugitive from justice. In order for him to be a fugitive, it is essential that he was in the demanding state at the time the crime for which he is being extradited was actually committed. *Taft* v. *Lord,* 92 Conn. 539, 542, 103 A. 644, and cases cited; *Ross* v. *Crofutt,* 84 Conn. 370, 373, 80 A. 90; *Illinois ex rel. McNichols* v. *Pease,* 207 U.S. 100, 108, 28 S. Ct. 58, 52 L. Ed. 121. It is well established, however, that ordinarily it is not essential in a criminal prosecution that the crime be proved to have been committed on the date alleged in the information or indictment. *State* v. *Ferris,* 81 Conn. 97, 99, 70 A. 587. It is competent ordinarily for the prosecution to prove the commission of the crime charged at any time prior to the date of the complaint and within the period fixed by the Statute of Limitations. *State* v. *Horton,* 132 Conn. 276, 277, 43 A. 2d 744. Since this is the law, the governor upon whom a demand is made, in determining whether the accused was in the demanding state at the time the crime was committed, is not bound by the date of the crime as it is alleged in the information or indictment. The crucial date is the date when the crime charged was actually committed, and not the date alleged. Scott, Interstate Rendition, § 87; see *State ex rel. Rinne* v. *Gerber,* 111 Minn. 132, 134, 126 N.W. 482. It is true that we said in *Farrell* v. *Hawley,* 78 Conn. 150,

153, 61 A. 502, that a person "could not be . . . a fugitive, unless he was in the State from which the demand comes when it is charged that the crime was committed." This clearly was inaccurate and it is now overruled. What should have been said is that an accused is not a fugitive unless he was in the demanding state at the time when the crime charged was committed.

The court found in the present case that when the plaintiff left New Jersey on September 13, 1953, he was badly in arrears in his payments for support of his child by his former marriage. If that fact were proved on the trial of the criminal charge, it would warrant a conviction under our law, even though the complaint charged the commission of the crime on October 22, 1953. In the absence of any showing to the contrary, we must assume that the law of New Jersey on this point is the same as ours. *White* v. *White,* 138 Conn. 1, 8, 81 A.2d 450. It follows that there was probable cause that the crime charged was committed while the plaintiff was present in New Jersey and that therefore he was a fugitive from justice when the governor of Connecticut issued the warrant upon which the defendant is holding him in custody.

The instant case is distinguishable from *Taft* v. *Lord,* 92 Conn. 539, 103 A. 644, upon which the plaintiff relies. In that case, the husband and father, whose extradition was sought by New York, was charged with the nonsupport of his wife and children after they had moved to New York and while he remained a resident of Connecticut. In other words, it appeared conclusively that the accused could not have been present in New York at the time when he was neglecting to support his family.

In the present case, the court's conclusion that

the plaintiff was a fugitive from justice was warranted on the subordinate facts found.

There is no error.

In this opinion the other judges concurred.