STATE OF CONNECTICUT *v.* GENNARO LORUSSO

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 4—decided November 6, 1963

*Charles Henchel,* with whom was *Morris W. Mendlesohn,* for the appellant (defendant).

*George R. Tiernan,* assistant state's attorney, with whom, on the brief, was *Arthur T. Gorman,* state's attorney, for the appellee (state).

COMLEY, J. On January 2, 1962, the defendant entered a plea of not guilty to an information charging him with the crime of indecent assault, alleged to have been committed on August 26, 1961, and elected a trial by a jury of twelve. On January 23, 1962, with the permission of the court, a second count was added to the information charging the defendant with the crime of possessing and showing obscene pictures, alleged to have been committed on August 22, 1961. To that count the defendant entered a similar plea and election. Two days later, the trial began, a jury of twelve were impaneled and sworn, and both counts of the information were read. At that point and before any evidence was offered, the state asked, and over ob-

jection was granted, permission to amend the first count by changing the date of the alleged offense from August 26, 1961, to August 22, 1961. The change was made on the original information, the trial proceeded, and the defendant was found guilty on both counts.

He now claims that the court erred in not requiring that he be put to plea again on the first count, after it was amended by changing the date of the alleged offense. As we understand it, he does not complain of the ruling allowing the amendment. Nor could he successfully do so in view of our long-established rule that it is not essential in a criminal prosecution that the crime be proved to have been committed on the precise date alleged, it being competent ordinarily for the prosecution to prove the commission of the crime charged at any time prior to the date of the complaint and within the period fixed by the Statute of Limitations. *Stenz* v. *Sandstrom,* 143 Conn. 72, 75, 118 A.2d 900; *State* v. *Horton,* 132 Conn. 276, 277, 43 A.2d 744; *State* v. *Ferris,* 81 Conn. 97, 99, 70 A. 587.

The claim that it was error not to require a new plea to the amended information is a novel one. The defendant had already pleaded not guilty to the original information, and, as is our practice in such cases, this plea was treated as applicable to the amendment. All his rights to a full trial were thus preserved. He asked for no continuance in order to prepare a defense against the new date. He can show no prejudice, even though his defense may have been an alibi, for the added second count involved a crime committed at the same time and place as the amended first count. For him now to assert that he was deprived of the opportunity of changing his plea to guilty seems naive, espe-

cially in view of his present efforts to avoid the effects of his conviction. Moreover, the record is barren of any suggestion that any endeavor by him to change his plea to guilty was thwarted by the state.

The defendant also contends that his conviction on the second count must be set aside, first, because the information was undated and, second, because the printed form used for the second count recited that the information was brought in the name of a state's attorney who was the immediate predecessor in office of the present incumbent who signed it.[1] These are technical objections. They are in the nature of clerical errors which could easily have been corrected at the time if they had been called to the attention of the court. The defendant fails to point out any prejudice or disadvantage to which he was subjected by them. They clearly belong to the class of amendable defects of which seasonable advantage must be taken at the time of trial. *State v. Mola,* 128 Conn. 407, 410, 23 A.2d 126; *State v. Miglin,* 101 Conn. 8, 11, 125 A. 250; *State v. McGee,* 80 Conn. 614, 617, 69 A. 1059.

There is no error.

In this opinion the other judges concurred.

---

[1] In briefing this point, the defendant has cited two cases from the Atlantic Reporter without citing the official reports. The citation of any case which appears in official reports must show the volume and page of the official reports where the case begins and the page on which the relevant discussion can be found.