STATE OF CONNECTICUT *v.* STANLEY J. PIEKOS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 16-11160

Argued December 14, 1964—decided March 9, 1965

*Monroe S. Gordon,* of New Britain, for the appellant (defendant).

*Richard P. Heffernan,* prosecuting attorney, for the appellee (state).

PRUYN, J. The basic issue on this appeal by the defendant from his conviction of operating a motor vehicle while under the influence of intoxicating liquor in a trial to the court is whether the court erred in allowing an amendment to the information, after both the state and the defendant had rested their cases, so as to specify a violation of § 14-227a instead of § 14-227 of the General Statutes.

On April 11, 1964, the defendant was arrested under a uniform traffic ticket charging him with violation of "[§]14-227 Operating under the influence of liquor or drugs." On April 27, 1964, the defendant was put to plea by the clerk as follows: "Stanley J. Piekos, you are charged with violation of title 14-227 of the Statutes, operating a motor vehicle under the influence of liquor on Birds Eye Road and Route 4 in Farmington on April 11. As to this charge how do you plead?" The defendant pleaded "not guilty" and elected trial by the court. On June 26, 1964, the defendant was tried to the court on the information. After the state had completed its case and had rested, the defendant rested without taking the witness stand or offering any evidence and moved that he be adjudged not guilty on the ground that § 14-227 had been repealed and was nonexistent. The state then moved for leave to amend the information by substituting § 14-227a for § 14-227. Thereupon the court opened the case and granted the motion to amend over the objection and exception of the defendant. The information was then and there amended. Upon inquiry by the court of the defendant if he wished to present any evidence he replied in the negative, no further evidence was offered by the state or the defendant, and the defendant did not move for leave further to

cross-examine any of the state's witnesses. Until the defendant had moved for acquittal, the court had not been apprised that the information charged a violation of § 14-227. The court concluded that the evidence produced by the state made it apparent that it was proceeding under § 14-227a, that the defendant was not misled or prejudiced by the incorrect designation of the statute number and that the amendment of the information after both the state and the defendant had rested did not place the defendant in double jeopardy.

Public Act No. 616 of the 1963 session of the General Assembly, entitled "An Act concerning Implied Consent to Tests for Intoxication," effective January 1, 1964, repealed § 14-227 and enacted § 14-227a of the General Statutes. Section 14-227, entitled "Operation while intoxicated," provided as follows: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or of any drug. Any person who violates the provisions of this section shall be fined not less than one hundred dollars nor more than five hundred dollars or imprisoned not more than six months or be both fined and imprisoned for the first offense, and shall be imprisoned not less than sixty days nor more than one year for the second offense, and for any subsequent offense, shall be imprisoned not less than six months nor more than one year." Subsection (a) of § 1 of Public Act No. 616, which section became § 14-227a of the General Statutes and is entitled therein "Operation while intoxicated. Chemical Tests," provides as follows: "No person shall operate a motor vehicle upon a public highway of this state while under the influence of intoxicating liquor or any drug." Subsection (e) imposes the same penalties in the same language as provided in § 14-227. Subsections (b) (c) and (d) relate to evidence of chemical tests and to testing devices.

Section 2 of Public Act No. 616, which section became § 14-227b and is entitled "Implied consent to test," provides for implied consent to chemical tests. The repeal of § 14-227 and the enactment of § 14-227a were simultaneous; at no instant of time did there cease to be the crime of "operation while intoxicated," as designated in the titles of both sections and as contained in these sections in identical language as to the crime and the penalties therefor, with the exception of the addition of the words "upon a public highway of this state" in § 14-227a, thereby restricting the commission of the crime to such a highway. The purpose of the legislature in enacting Public Act No. 616, as indicated by its title, was to provide for the admissibility into evidence of scientific tests concerning operation of motor vehicles while under the influence of intoxicating liquor or any drug; it was not to abolish a crime and establish a new one. "Whether a new provision is in the form of a new enactment repealing the old, as in this case, or the form of an amendment of the old is immaterial and depends on the preference of the draftsman." *State* v. *Fahy*, 149 Conn. 577, 581, rev'd on other grounds, 375 U.S. 85. The 1963 public act was, in effect, merely an amendment to § 14-227.

Under our criminal practice, an information is valid and sufficient if it charges the offense "[b]y using the name given to the offense by the common law or by a statute" or "[b]y stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged." Practice Book § 493. In determining the validity of the information, regard may be had to any reference therein to a section of any statute creating the

crime. Practice Book § 493. The information in the case before us clearly charged the offense, and the defendant could not have been misled or prejudiced by the incorrect reference to the statute number. "The essential elements of the crime must be charged, but they need not be charged in any precise formula of words or set phrase. It is enough if the offense is set forth with such clearness and certainty as to apprise the accused of the crime for which he is called upon to answer, and to enable the jury to deliver an intelligent verdict, the court to render a proper judgment, and the accused to plead his conviction or acquittal in bar of another prosecution for the same offense." *State* v. *McGee,* 81 Conn. 696, 699.

From the court's finding of facts on the merits of the case, it is obvious that the state was proceeding under § 14-227a in the presentation of its evidence. The omission of the letter "a" after the numerals "14-227" in the information is clearly in the category of a clerical error. If the information charges an offense in accordance with the provisions of Practice Book § 493, as does the information before us, "[t]he court may *at any time* order the . . . information . . . to be amended in respect to any . . . defect, imperfection or omission" arising out of "any matter of form only, or because of any miswriting, misspelling or improper English, or because of any use of sign, symbol, figure or abbreviation, or because of any similar defect, imperfection or omission" (italics supplied). Practice Book § 524. "The defendant did not demur, and thus afford the State an opportunity to amend in the event that such a course seemed prudent or proved necessary, but took his chances with the jury, and now asks that the result thus reached be nullified." *State* v. *McGee,* supra, 698. The defendant's objection is a technical one based on a

clerical error which could easily have been corrected had it been brought to the court's attention. The defect was an amendable one of which seasonable advantage must be taken at the time of trial. *State v. Lorusso*, 151 Conn. 189, 192. The defendant's claims of prejudice and of having been misled are without foundation.

We note that the assignment of errors is prolix, contains extraneous matter, is not specific and does not conform to the requirements of our rules and forms. Practice Book §§ 989, 990. However, in the interest of substantial justice we have considered the basic errors assigned, namely that the defendant was prejudiced and misled and placed in double jeopardy by the granting of the amendment to the information. Maltbie, Conn. App. Proc. §§ 167, 168.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.