## STATE OF CONNECTICUT *v.* RAUL RAMOS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 12—decision released November 28, 1978

*Nicholas P. Cardwell,* for the appellant (defendant).

*Richard F. Banbury,* chief assistant state's attorney, with whom were *Richard E. Maloney,* assistant state's attorney, and, on the brief, *George D. Stoughton,* state's attorney, for the appellee (state).

COTTER, C. J. On December 17, 1975, the defendant entered pleas of not guilty to an information charg-

ing him with the crimes of rape in the first degree, sexual contact in the first degree and injury or risk of injury to a child, alleged to have been committed on or about April 15, 1975, and elected a trial by the court. Prior to the commencement of the trial on December 22, 1976, the state requested, and over objection was granted, permission to file a substitute information alleging that the above offenses were committed on May 22, 1975. The change in the date was the only significant difference between the original and the substitute informations. Following the withdrawal of the defendant's prior pleas and elections, he again entered pleas of not guilty to the substitute information and elected to be tried by the court, which found him guilty as charged. From the judgment rendered, the defendant has appealed to this court, claiming error in the trial court's decision to allow the filing of the substitute information.

The substitute information was, in effect, simply an amendment of the original information as to the date of the alleged offense. The order of the trial court allowing the filing of such an amendment to conform to the evidence is generally within its sound discretion; Practice Book, 1963, § 525;[1] see *State v. Rafanello,* 151 Conn. 453, 457, 199 A.2d 13; and thus subject to review only upon circumstances indicating an abuse of that discretion. Cf. *Corcoran v. Jacovino,* 161 Conn. 462, 471, 290 A.2d 225; 41 Am. Jur. 2d, Indictments and Informations § 201.

It is a well-established rule in this state that "it is not essential in a criminal prosecution that the crime be proved to have been committed on the pre-

---

[1] Since the defendant was arrested prior to October 1, 1976, the revised rules of criminal procedure were not applicable to the present case. Section 2433 of the 1963 Practice Book, as amended.

cise date alleged, it being competent ordinarily for the prosecution to prove the commission of the crime charged at any time prior to the date of the complaint and within the period fixed by the Statute of Limitations." *State* v. *Lorusso,* 151 Conn. 189, 191, 195 A.2d 429; *State* v. *Bitting,* 162 Conn. 1, 8, 291 A.2d 240; see also *Stenz* v. *Sandstrom,* 143 Conn. 72, 75, 118 A.2d 900; *State* v. *Horton,* 132 Conn. 276, 277, 43 A.2d 744; *State* v. *Ferris,* 81 Conn. 97, 99, 70 A. 587. Thus, it is entirely proper for a court to permit an amendment or a substitute information merely to amplify or to correct the time of the commission of the offense when time is not a material ingredient of the crime charged. See *State* v. *Horton,* supra; 41 Am. Jur. 2d, Indictments and Informations § 204. In the present case, since the date of the alleged offenses was neither an essential element of the crimes with which the defendant was charged; see *State* v. *Horton,* supra; *State* v. *Ferris,* supra; nor an otherwise material factor in the defendant's case,[2] the trial court did not abuse its discretion in allowing the state to file the substitute information.

The defendant argues that, under the circumstances of this case, the late filing of the substitute information deprived him of the opportunity to prepare his defense and thus constituted a denial of due process. We disagree. If the information

[2] During the hearing on the state's motion for permission to file a substitute information, the following colloquy occurred:

"The Court: Is there any alibi defense in the case? You intend to invoke any alibi defense?

Counsel: We have a defense.

The Court: Is it an alibi defense?

Counsel: To the May 22nd, or the April 15th?

The Court: April 15th.

Counsel: We had no alibi defense."

apprises the accused of the charges against him with such particularity and certainty to enable him to prepare his defense and avoid prejudicial surprise, and to enable him to plead his conviction or acquittal in bar of any future prosecution for the same offense, it is constitutionally sufficient. *United States* v. *Debrow,* 346 U.S. 374, 377–78, 74 S. Ct. 113, 98 L. Ed. 92; *State* v. *Coleman,* 167 Conn. 260, 275, 355 A.2d 11 (*Bogdanski, J.,* concurring); *State* v. *Beaulieu,* 164 Conn. 620, 625, 325 A.2d 263; *State* v. *Costello,* 62 Conn. 128, 130, 25 A. 477.

Both the arrest warrant affidavit and the original information filed on October 27, 1975, in the Court of Common Pleas, from which the case was bound over to the Superior Court, alleged that the offenses committed by the defendant took place in May of 1975. Thereafter, the original information filed in November of 1975 in the Superior Court gave April 15 as the date of the offenses. In April of 1976, the state prepared the substitute information changing the date of the alleged offense to May, 1975,[3] but, through inadvertence, it failed to inform

---

[3] Our review of the court file in this case; see *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476; discloses the following: At the time of the commission of the offenses, the victim, the defendant's niece, was fourteen years of age. Since the crime was not reported to the police until October 21, 1975, after the victim found out that she was pregnant, her recollection of the date was initially based upon her belief that her stay in the hospital for an unrelated problem took place in the latter part of the same week in which the incident occurred.

At oral argument, the state indicated that the information filed in the Superior Court alleged April 15 as the date of the offense since further investigation revealed that the victim's hospital admission occurred in April, 1975. Subsequently, the victim realized that she was in error and that the assault occurred on May 22, two days before her birthday.

The victim's initial uncertainties regarding the date were fully probed by defense counsel during cross-examination at trial.

the defendant of this intended modification until December 21, 1976, the day before it was actually filed.[4] In the absence of any request by the defendant for a continuance, the trial began on December 22, 1976.

In spite of the previously filed documents in the Court of Common Pleas indicating that the state would seek to prove that the offenses were committed in May, the defendant may have been somewhat surprised by the subsequent change in the date. Nevertheless, under the circumstances, he was not denied due process. See *United States ex rel. Gordon* v. *Reincke,* 415 F.2d 1126, 1128 (2d Cir.). Since the defendant informed the court that he had no alibi defense to the April 15 allegations,[5] he was not prejudiced in making his defense on the basis of the amended date. *State* v. *Horton,* 132 Conn. 276, 277, 43 A.2d 744. The defendant failed to pursue a "Motion for Bill of Particulars" filed with the court on December 17, 1976, asking for, inter alia, "the date and time of the alleged offense." Moreover, it is important to note that the defendant did not request a continuance for additional investigation regarding the new date. Practice Book, 1963, § 526;[6] see *State* v. *Lorusso,* 151 Conn. 189, 191, 195 A.2d 429; *State v. Bitting,* 162 Conn. 1, 8, 291 A.2d 240.

The defendant must provide a specific showing of prejudice in order to establish that he was denied

---

[4] Defense counsel has specifically avoided any implication that the state's delay was an intentional, tactical maneuver; rather, it has been conceded by both parties that the state's delay in filing the substitute information, though unfortunate, was solely due to inadvertence.

[5] See footnote 2.

[6] Now, § 2034 of the 1963 Practice Book, as amended.

the right of due process of law as a result of the state's delay in modifying the date alleged in the information. *State* v. *L'Heureux,* 166 Conn. 312, 321, 348 A.2d 578. "Mere allegations of potential prejudice, of dimmed memory or of unavailable but unspecified witnesses are insufficient." Id., 322; *United States* v. *White,* 470 F.2d 170, 175 (7th Cir.). The defendant in this case has failed to meet his burden of proof.

There is no error.

In this opinion the other judges concurred.