### STATE OF CONNECTICUT *v.* NOEL MENDOZA
### (AC 15791)

O'Connell, C. J., and Landau and Hennessy, Js.

Argued March 2—officially released July 7, 1998

*Michael L. Moscowitz*, special public defender, for the appellant (defendant).

*Lisa Herskowitz*, assistant state's attorney, with whom, on the brief, was *Michael Dearington*, state's attorney, and *Beth Baran*, senior assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Noel Mendoza, appeals from the judgments of conviction, rendered after a jury trial, of two counts of sale of a narcotic substance in violation of General Statutes § 21a-277 (a).[1]

---

[1] General Statutes § 21a-277 (a) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled

On appeal, the defendant claims that the trial court improperly (1) denied his motion for a mistrial based on prosecutorial misconduct and (2) expanded the charge to the jury to include actions subsequent to the date of the offenses in the information. We affirm the judgments of the trial court.

The jury reasonably could have found the following facts. On September 6, 1994, a four person narcotics unit from the Meriden police department arranged controlled buys in order to identify and arrest as many drug dealers as possible in the area of 144 Miller Street, Meriden. The narcotics unit employed two paid informants, both of whom carried concealed microphones that relayed live audio to the unit. The informants drove to 144 Miller Street. The defendant, who was standing in the doorway of 144 Miller Street, approached the vehicle and asked the informants what they wanted. One of the informants replied "a twenty" and the defendant went back into the house and returned with a $20 bag of crack cocaine. Upon his return, the other informant told the defendant that he wanted "a twenty" also. The defendant went back into the house and again returned with another $20 bag of crack cocaine. The informants then drove away and relayed a description of the seller to the narcotics unit. The informants described him as a short Latin male, light-skinned, with short hair, a short ponytail and a slight moustache, wearing a black vest, black pants and black sneakers, with fresh scratches on his chest.

While these transactions were taking place, the narcotics unit was approximately one tenth of one mile away, monitoring the conversations. After the informants drove away, the narcotics unit approached an

substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years . . . ."

intersection near 144 Miller Street. One of the members of the unit, Detective Robert Milslagle, saw a person fitting the description of the seller standing on the front porch of 144 Miller Street. He recognized the individual matching the description of the seller as Mendoza, whom he had known by name for about four years, and wrote down his name. At trial, Milslagle testified that he observed no one else in the area at that time.

The defendant was subsequently arrested and charged with two counts of sale of a narcotic substance in violation of § 21a-277 (a). After trial, the jury returned a verdict of guilty on both counts. This appeal followed.

## I

The defendant claims that the trial court improperly denied his motion for a mistrial, which alleged prosecutorial misconduct. The motion was based on the claim that his federal and state constitutional rights to due process and to a fair trial were violated when the prosecutor improperly commented on facts not in evidence during her closing argument. The record, however, does not support the defendant's claim.

Certain additional facts are necessary to our resolution of this claim. Milslagle testified that through his personal experience working in the narcotics unit, he recognized the defendant and knew his name. During closing argument, defense counsel argued that if Milslagle had known the defendant for four years, he should have been able to identify him earlier by recognizing his voice when he was monitoring the drug transaction. Defense counsel also argued that there were other people present on Miller Street during and immediately following the drug transaction. During the state's rebuttal closing argument, the prosecutor responded by arguing that there was no evidence that Milslagle

ever had a conversation with the defendant and therefore there was no evidence to support defense counsel's claim that Milslagle should have recognized the defendant's voice. The prosecutor also argued that contrary to defense counsel's argument, there was no evidence of other people present on Miller Street and relied on testimony from Milslagle that the defendant was the only one in the area. The defendant also objects to several other comments made by the prosecutor when she used the pronouns "I" and "we," arguing that the prosecutor was improperly presenting her own personal opinion to the jury.

The defendant's claims are not supported by the record. The prosecutor did not comment on facts not in evidence in rebuttal argument, but argued that the defendant's propositions were not supported by the evidence. Moreover, the challenged remarks that the defendant claims were the prosecutor's personal opinion were instances in which the prosecutor used "I" and "we" to mean the state. The prosecutor was telling the jury that we, the state, put on certain evidence and that she had asked a witness certain questions.

" '[C]losing arguments of counsel, are seldom carefully constructed in toto before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear. While these general observations in no way justify prosecutorial misconduct, they do suggest that a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.' *Donnelly* v. *DeChristoforo*, 416 U.S. 637, 646–47, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974); see also *State* v. *Marra*, [222 Conn. 506, 533–34, 610 A.2d 1113 (1992)]." *State* v. *Haase*, 243 Conn. 324, 335–36, 702 A.2d 1187 (1997).

"[O]ur inquiry is . . . whether the action of the trial court in refusing to grant a new trial on account [of the actions of the prosecutor], in the exercise of its discretion, so far exceeded or abused the discretion committed to it . . . as to warrant us in granting a new trial. . . . *State* v. *Fullwood*, 194 Conn. 573, 584, 484 A.2d 435 (1984); see *State* v. *Hawthorne*, 176 Conn. 367, 373–74, 407 A.2d 1001 (1978)." (Internal quotation marks omitted.) *State* v. *Lanier*, 39 Conn. App. 478, 482, 664 A.2d 1202, cert. denied, 235 Conn. 931, 667 A.2d 1269 (1995). After a thorough review of the transcripts, we conclude that the challenged remarks were not objectionable. Therefore, we conclude that the trial court did not abuse its discretion in denying the defendant's motion for a mistrial.

## II

The defendant next claims that the trial court improperly instructed the jury that the date of the offenses was not an element of the offenses charged. We disagree.

Certain additional facts are necessary to our resolution of this claim. On August 11, 1995, the state filed a long form information charging the defendant with two counts of sale of a narcotic substance in violation of General Statutes §§ 21a-278 (b) and 21a-277 on or about September 9, 1994. On September 28, 1995, the state amended the information to allege two counts of sale of a narcotic substance in violation of § 21a-277 (a) on or about September 6, 1994.

On appeal, the defendant challenges a portion of the charge that the court gave to the jury regarding the date of the offense. "The state has charged the defendant Mr. Mendoza with two counts of sale of a narcotic substance on or about September 6, 1994. Those sales, of course, involv[ed] the two witnesses who testified [as to two] separate transactions, therefore, two counts.

During the course of the trial, you've heard some testimony concerning another date on which the crime occurred, that is, I think it was September 9. The date was contained, I think the September 9 date, in statements and perhaps in the arrest warrant affidavit. You should understand that in the state of Connecticut, it's pretty well settled that the crime charged need not be proven to have been committed on the precise date alleged. It is competent ordinarily for the state to prove commission of the crime charged at any time prior to the date of the complaint. So understand that the date, the date alleged is not considered an element of the crime charged."

The defendant argues that, because the information alleges a September 6, 1994, date of the offense and there was evidence that the crime could have occurred on September 9, 1994, the jury should have been instructed that time was an essential element of the offense.[2] The defendant misinterprets well settled case law.

"[I]t is a well-established rule in this state that it is not essential in a criminal prosecution that the crime be proved to have been committed on the precise date alleged, it being competent ordinarily for the prosecution to prove the commission of the crime charged at any time prior to the date of the complaint and within the period fixed by the statute of limitations. *State* v. *Lorusso*, 151 Conn. 189, 191, 195 A.2d 429 [1963]; *State* v. *Bitting*, 162 Conn. 1, 8, 291 A.2d 240 [1971]; see also *Stenz* v. *Sandstrom*, 143 Conn. 72, 75, 118 A.2d 900 [1955]; *State* v. *Horton*, 132 Conn. 276, 277, 43 A.2d 744 [1945]; *State* v. *Ferris*, 81 Conn. 97, 99, 70 A. 587 [1908]. *State* v. *Ramos*, 176 Conn. 275, 276–77, 407 A.2d 952

---

[2] It is important to note that the defendant does not claim that he was denied due process of law by receiving inadequate notice of the charges against him.

(1978); see also *State* v. *Orsini*, 187 Conn. 264, 274, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982)." (Internal quotation marks omitted.) *State* v. *Morrill*, 197 Conn. 507, 552, 498 A.2d 76 (1985).

The "date of the complaint" is not the date the crime is alleged to have been committed, but rather *the date that the information was filed.* "[The defendant] was bound to meet any evidence admissible under the allegation which might be offered, and under the allegation it was competent to prove that the crime was committed on any day prior to the filing of the information and within the statute of limitations." *State* v. *Ferris*, supra, 81 Conn. 99–100. The information was filed on August 11, 1995, eleven months subsequent to the date the crime was alleged to have been committed.

Time is not an essential element of the crime of sale of a narcotic substance in violation of § 21a-277 (a), but it may become material if the defendant raises an alibi defense. See *State* v. *Evans*, 205 Conn. 528, 535, 534 A.2d 1159 (1987), cert. denied, 485 U.S. 988, 108 S. Ct. 1292, 99 L. Ed. 2d 502 (1988). This the defendant did not do. The defendant's claim is therefore without merit.

The judgments are affirmed.

In this opinion the other judges concurred.