## STATE OF CONNECTICUT *v.* ROBERT JENNINGS
### (AC 27712)

Flynn, C. J., and Schaller and Gruendel, Js.

Argued March 12—officially released June 19, 2007

*Richard T. Meehan, Jr.*, with whom were *Rachel Topham*, law student intern, and, on the brief, *Edward J. Gavin*, for the appellant (defendant).

*Susan C. Marks*, supervisory assistant state's attorney, with whom, on the brief, were *David I. Cohen*,

state's attorney, and *Nancy Dolinsky*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The defendant, Robert Jennings, entered a conditional plea of nolo contendere pursuant to General Statutes § 54-94a[1] to the charge of breach of the peace in violation of General Statutes § 53a-181 (a) (1),[2] reserving his right to appeal from the trial court's denial of his motion to dismiss. We are called upon to decide in the defendant's appeal whether a subsequent information is barred by the statute of limitations, where the essential facts on which both the original information and the later information resulting in the defendant's conviction remain the essential facts. *State* v. *Almeda*, 211 Conn. 441, 446, 560 A.2d 389 (1989), teaches us that one purpose of the statute of limitations in a criminal case is "to ensure that a defendant receives notice, within a prescribed time, of the acts with which he is charged," so that he can prepare a defense. (Internal quotation marks omitted.). Because the informative statutory purpose was met, we conclude that the statute remained tolled and that the trial court properly denied the defendant's motion to dismiss one of the stalking charges then lodged against him. We further affirm the judgment of conviction for breach of the peace.

---

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such . . . motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied . . . the motion to dismiss. . . ." See also Practice Book § 61-6 (a) (2) (i).

[2] General Statutes § 53a-181(a) provides in relevant part: "A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place. . . ."

Although we conclude that the other stalking charge should have been dismissed as violative of the statute of limitations because it impermissibly broadened the charges by doubling the maximum possible sentence, the court's failure to dismiss it became a nondispositive issue when a final substitute information, charging only one count of breach of the peace, was filed, to which the defendant pleaded nolo contendere.

The following facts and procedural history guide our review of the defendant's appeal. On September 28, 2004,[3] a judge of the Superior Court signed an arrest warrant that was attached to a short form information, charging the defendant with one count of stalking in the second degree.[4] The information charged that the offense was committed "on or about September 24, 2004."[5] Subsequently, the defendant was arrested on October 2, 2004, pursuant to the arrest warrant.

Approximately fifteen months later, on January 3, 2006, the defendant filed a motion for a bill of particulars, requesting a statement of the essential facts. In response, the state filed a long form information on

[3] On September 28, 2004, the state submitted an application for a warrant for the defendant's arrest "for the charges listed on the front pages" of the application; however, no charges were listed on any of the front pages.

[4] General Statutes § 53a-181d provides: "(a) A person is guilty of stalking in the second degree when, with intent to cause another person to fear for his physical safety, he wilfully and repeatedly follows or lies in wait for such other person and causes such other person to reasonably fear for his physical safety.

"(b) Stalking in the second degree is a class A misdemeanor."

[5] The September 28, 2004 short form information originally charged that the defendant had committed stalking in the second degree in violation of § 53a-181, the breach of the peace statute. The defendant acknowledges in his brief that the reference to § 53a-181 was a mistake and that the correct statutory reference is General Statutes § 53a-181d. In addition, the September 28, 2004 information originally listed the date of the offense as "on or about September 26, 2004," rather than "on or about September 24, 2004." A handwritten notation crossed out the reference to September 26, 2004, and added the date of September 24, 2004. At a hearing on May 24, 2006, the defendant accepted the representation of the state's attorney that the state had altered the date, and, in his brief, the defendant acknowledges that the parties had agreed that the date was changed prior to the submission of the warrant application.

April 17, 2006, charging the defendant with five counts of stalking in the second degree in violation of General Statutes § 53a-181d. Although the April 17, 2006 information alleged that one of the offenses was committed "on or about September 20, 2004," the information did not identify September 24, 2004, as a date on which any of the offenses allegedly occurred.

On May 16, 2006, the defendant filed a motion to dismiss the charges contained in the April 17, 2006 long form information. The defendant argued, inter alia, that the filing of the long form information was "tantamount to a nolle and/or withdrawal of the original information," charging him with stalking "on or about September 24, 2004," and that the long form information was barred by the statute of limitations since it charged that the offenses were committed on dates different than what appeared in the original information and, therefore, were not tolled. Thereafter, the state filed two amended informations on May 22, 2006, and on May 23, 2006, which continued to charge the defendant with having committed five counts of stalking.[6] Although the state filed a demand for written notice of alibi defense on May 22, 2006, the record does not indicate that the defendant filed such a notice.

On May 24, 2006, the state filed a fourth amended information, charging the defendant with the commission of two counts of stalking in the second degree that allegedly occurred "on or about September 20, 2004," and "on or about September 24, 2004." Also on that day, the defendant filed an amended motion to dismiss. A hearing on the defendant's motion to dismiss was held before the court, *Nigro, J.*, on May 24, 2006, at which the defendant argued that the statute of limitations precluded the prosecution of the charges on the April 17, 2006 information, as well as the subsequently

[6] The informations changed the date alleged from March 21, 2004, to March 27, 2004.

filed amended informations. At the conclusion of the May 24, 2006 hearing, Judge Nigro orally denied the defendant's motion to dismiss.[7] On the following day and pursuant to an agreement between the state and the defendant, the state charged the defendant, in a fifth substitute information,[8] with one count of breach of the peace "on or about September 24, 2004," in violation of § 53a-181 (a) (1). The defendant then entered a

[7] Although the amended motion to dismiss was addressed to the April 17, 2006 information, which had been superseded by subsequent amendments, at the hearing, the parties and the court treated the motion as addressed to the May 24, 2006 information.

[8] The chart below will assist the reader graphically in following the many informations filed in the present case.

| Date Information Filed | Offense (s) Charged | Date of Offense (s) |
| --- | --- | --- |
| September 28, 2004 short form information | One count of stalking in the second degree | on or about September 24, 2004 |
| April 17, 2006 long form information | Five counts of stalking in the second degree | on or about February 2, 2004, February 4, 2004, March 21, 2004, April 21, 2004, and September 20, 2004. |
| May 22, 2006 information | Five counts of stalking in the second degree | on or about February 2, 2004, February 4, 2004, March 27, 2004, April 21, 2004, and September 20, 2004. |
| May 23, 2006 information | Five counts of stalking in the second degree | on or about February 2, 2004, February 4, 2004, March 27, 2004, April 21, 2004, and September 20, 2004. |
| May 24, 2006 information | Two counts of stalking in the second degree | on or about September 20, 2004, and September 24, 2004 |
| May 25, 2006 substitute information | One count of breach of the peace | on or about September 24, 2004 |

conditional plea of nolo contendere to the charge of breach of the peace, reserving his right to appeal from the court's denial of his motion to dismiss. Consequently, the court rendered a judgment of conviction on the charge of breach of the peace in accordance with the defendant's plea and sentenced the defendant to six months imprisonment, execution suspended, and two years of probation. This appeal followed.

On appeal, the defendant claims that the court improperly denied his motion to dismiss because the statute of limitations barred the state from proceeding on its prosecution of the defendant with respect to the charges set forth in the informations filed in 2006. The state, however, maintains that the original information tolled the statute of limitations, allowing the prosecution of the defendant on the amended informations.

As a preliminary matter, we note that we will review the defendant's claim because the court found that the motion to dismiss would be dispositive of the case against the defendant under § 54-94a. We also review the claim because had the motion been granted as to the stalking charges, all of the pending charges against the defendant would have been disposed of, and there could not have been a subsequent amendment to the information, charging one count of breach of the peace for which he was convicted.

Our standard of review governing the defendant's claim that the court failed to grant his motion to dismiss is well settled. Our review of the court's legal conclusions and resulting denial of the defendant's motion to dismiss will be de novo. *State* v. *Haight*, 279 Conn. 546, 550, 903 A.2d 217 (2006).

In support of his claim that the denial of his motion to dismiss was improper, the defendant presents two arguments. First, the defendant argues that the state

was barred by the statute of limitations from prosecuting him on the basis of the informations filed in 2006, because the inclusion of additional counts in those informations substantially broadened the allegations against him. The defendant next argues that the addition of new dates in the April 17, 2006 information, which were different from the "on or about September 24, 2004" date listed on the original information, operated as an implicit nolle and/or withdrawal of the "on or about September 24, 2004" date. As a result, the defendant argues, the state could not continue with the prosecution of the defendant or revive the "on or about September 24, 2004" date in any subsequently amended informations without violating the statute of limitations because the reference to the "on or about September 24, 2004" date had been deleted in the April 17, 2006 information.

Our analysis and resolution of the defendant's claims are guided by the following statutory and case law authority. We first review the rules of practice and relevant case law that enunciate the broad authority of a prosecutor to make substantive amendments to an information before the start of trial.[9] Pursuant to Practice Book § 36-17,[10] prior to the commencement of the trial, "the prosecuting authority may amend the information, or add additional counts, or file a substitute information. . . ."

---

[9] After trial has commenced, however, the authority of a prosecutor to amend an information is constrained by the provisions of Practice Book § 36-18. *State* v. *Wilson F.*, 77 Conn. App. 405, 411, 823 A.2d 406, cert. denied, 265 Conn. 905, 831 A.2d 254 (2003). Section 36-18 provides that the state may amend an information after the commencement of trial as long as "no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. . . ."

[10] Practice Book § 36-17 provides: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in its discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced."

It also is evident from our Supreme Court's holding in *State* v. *Ramos*, 176 Conn. 275, 407 A.2d 952 (1978), that a prosecutor has broad authority to file an amended or substitute information before trial. In that case, an information initially charged the defendant with having committed the charged offenses "on or about April 15, 1975." Id., 275–76. Before the defendant's trial commenced, the state filed a substitute information, in which the state alleged that the offenses occurred on "May 22, 1975." Id., 276. After noting that "[i]t is a well-established rule in this state that it is not essential in a criminal prosecution that the crime be proved to have been committed on the precise date alleged, it being competent ordinarily for the prosecution to prove the commission of the crime charged at any time prior to the date of the complaint and within the period fixed by the Statute of Limitations"; (internal quotations marks omitted.) id., 276–77; our Supreme Court recognized that the state may amend an information to correct the date on which the crime allegedly occurred when time is not a material element of the charged offense. See also *State* v. *Bergin*, 214 Conn. 657, 674, 574 A.2d 164 (1990) ("[w]here the [information] alleges that an offense allegedly occurred 'on or about' a certain date, the defendant is deemed to be on notice that the charge is not limited to a specific date. . . . The courts agree that when the [information] uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient." [Internal quotation marks omitted.]).

We are cognizant, however, that the broad authority of a prosecutor to amend an information prior to trial is tempered by the applicable statute of limitations. Connecticut statutory provisions that limit when criminal prosecutions may be brought in the state are found in Chapter 966 of our General Statutes. For misdemeanors, like stalking in the second degree in violation of

§ 53a-181d, General Statutes § 54-193 (b)[11] provides that no person may be prosecuted except "within one year next after the offense has been committed." A statute of limitations protects a defendant from stale prosecutions; *State* v. *Kruelski*, 41 Conn. App. 476, 479, 677 A.2d 951, cert. denied, 238 Conn. 903, 677 A.2d 1376 (1996); and "[ensures] that a defendant receives notice, within a prescribed time, of the acts with which he is charged, so that he and his lawyers can assemble the relevant evidence [to prepare a defense] before documents are lost [and] memor[ies] fade . . . ." (Internal quotations marks omitted.) *State* v. *Almeda*, supra, 211 Conn. 446.

The issuance of an arrest warrant tolls the running of the statute of limitations, provided that it is executed without unreasonable delay and with due diligence. See, e.g., *State* v. *Ali*, 233 Conn. 403, 412, 416, 660 A.2d 337 (1995); *State* v. *Crawford*, 202 Conn. 443, 450–51, 521 A.2d 1034 (1987). When, however, the state files an amended or substitute information after the limitations period has passed, the first information will toll the statute if the amended or substitute information does not broaden or substantially amend the charges made in the first information. See *United States* v. *Grady*, 544 F.2d 598, 601–602 (2d Cir. 1976); *State* v. *Almeda*, supra, 211 Conn. 447–48 (prosecution on substitute information charging assault in first degree was not time barred where factual allegations were identical to those underlying original information charging attempt to commit murder); *State* v. *Saraceno*, 15 Conn. App. 222, 238–40, 545 A.2d 1116, cert. denied, 209 Conn. 823–

---

[11] General Statutes § 54-193 (b) provides: "No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d, except within one year next after the offense has been committed."

24, 552 A.2d 431 (1988). Although notice is the "touchstone" of the analysis in determining whether an amended or substitute information substantially broadens or amends the original charges; *United States* v. *Grengo*, 808 F.2d 1, 8 (2d Cir. 1986); some factors to assist in this determination are "whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *United States* v. *Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003).

At oral argument before this court, the defendant acknowledged that in order for us to determine that the denial of his motion to dismiss was improper, we must conclude that the April 17, 2006 information was the functional equivalent of a nolle prosequi. The defendant further conceded that his argument, in part, presents a novel theory, to which he was unable to locate any supporting case law. In light of these concessions and after applying the applicable legal principles, we conclude that the court properly denied the defendant's motion to dismiss with respect to one of the two counts alleged in the May 24, 2006 information.

Here, the September 28, 2004 arrest warrant and short form information served to prosecute the defendant within one year of the date of the commission of the charged offense, as required by § 54a-193 (b). Under *State* v. *Crawford*, supra, 202 Conn. 443, 447, the arrest warrant and the September 28, 2004 information tolled the statute of limitations. As we explain more fully in this opinion, the tolling of the statute of limitations, therefore, permitted the state to file subsequent amendments to the September 28, 2004 information, even when those amendments were filed after the expiration of the limitations period.

We are not convinced by the defendant's argument that the *entire* May 24, 2006 information substantially

broadened or amended the charges levied against him, causing the information to be time barred. We, however, do agree with the defendant insofar as he argues that one of the two counts of stalking in the second degree alleged in the May 24, 2006 information was barred by the statute of limitations.

The September 28, 2004 short form information and arrest warrant charged the defendant with one count of stalking, occurring "on or about September 24, 2004." After the applicable statute of limitations had passed, the state filed an amended information on May 24, 2006, charging the defendant with two counts of stalking, one occurring "on or about September 20, 2004," and the other "on or about September 24, 2004." We review the May 24, 2006 information for broadness and conclude that since two counts of stalking would double the possible maximum penalty, the addition of a second count impermissibly would broaden the charges against the defendant by exposing him to a potentially greater sentence. See *State* v. *Salmonese*, supra, 352 F.3d 622; see also *United States* v. *Ben Zvi*, 168 F.3d 49, 54–55 (2d Cir.) (holding that addition, after limitations period had passed, of sixteen counts of money laundering to charge of scheme to defraud substantially amended original indictment), cert. denied, 528 U.S. 872, 120 S. Ct. 176, 145 L. Ed. 2d 148 (1999); *State* v. *Rowley*, 12 Conn. 101, 102–104, 107 (1837) (holding that after limitations period had passed, state could not amend information that charged conspiracy to cheat and defraud and add new count); *State* v. *Eppens*, 30 Wash. App. 119, 125, 633 P.2d 92 (1981) (holding that amendment to one count of grand larceny in first amended information to charge four counts of grand larceny in second amended information was invalid as to all but one count of larceny in second amended information). Accordingly, one of the two counts charged in the May 24, 2006 information was time barred and should have been dismissed by the court.

The state's amendments of the original single count that alleged "on or about September 24, 2004," consistently charged some conduct occurring reasonably about the "on or about September 24, 2004" date and, therefore, did not broaden impermissibly the charge in terms of date of occurrence. The September 28, 2004 arrest warrant and short form information still served to toll the running of the statute of limitations as to one count of stalking in the second degree, permitting the subsequent amendments after the limitations period had lapsed.

We next address, in more detail, the defendant's arguments concerning the amendments made to the date the offense was alleged to have occurred. First, we do not agree with the defendant that the appearance of a date other than "on or about September 24, 2004," which occurred in the April 17, 2006 information, operated as a nolle prosequi such that the prosecution of the defendant was terminated. Rather, we conclude that the inclusion of a date different from the precise wording of "on or about September 24, 2004," constituted a permissible amendment to the original information. Such an amendment specifically is permitted by Practice Rule § 36-17, and, therefore, the initiation of a new prosecution was not required. Moreover, under *State* v. *Ramos*, supra, 176 Conn. 275–77, a prosecutor may amend an information to correct a date, particularly, as here, where time is not a material element of the charged offense. Our case law also makes clear that the "on or about" designation appearing in the original information was sufficient to provide the defendant with notice that the offense was alleged to have occurred on or about that date, not specifically on the date alleged. See *State* v. *Bergin*, supra, 214 Conn. 674.

Second, we similarly are not persuaded by the defendant's contention that the state was prohibited from reviving the date of "on or about September 24, 2004,"

in the information filed on May 24, 2006, having deleted that date in intervening informations. Having tolled the statute of limitations with the filing of the September 28, 2004 arrest warrant and short form information, the state was allowed to file amended informations prior to the commencement of trial pursuant to Practice Book § 36-17, provided it did not broaden or substantially amend the charges. Exercising its broad authority to amend informations, the state was permitted to amend the information to include again the date of "on or about September 24, 2004," in the information filed on May 24, 2006. The primary purpose of the statute of limitations, ensuring that the defendant receives notice, was achieved in the present case.

The judgment is affirmed.

In this opinion the other judges concurred.