CAROLYN HAUF *v.* EDWARD A. PICKETT ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 3—decided July 14, 1953

*Joseph G. Shapiro* and *Milton H. Belinkie,* for the appellants (defendants Hendel).

*John E. McNerney,* with whom, on the brief, were *Francis J. Moran* and *Albert R. Moquet,* for the appellants (defendants Pickett).

*Daniel D. Morgan,* for the appellee (plaintiff).

*William Dimenstein,* for the plaintiff in a companion case.

BROWN, C. J. The plaintiff, a minor, brought this action by her father and next friend to recover for personal injuries sustained in an automobile collision caused by the alleged negligence of the defendants. Each of the three vehicles involved was a

family car owned by the defendant father of the defendant driver. The plaintiff was a passenger in the car driven by Edward M. Pickett when it collided, first, with a car operated by Murray H. Hendel and then with a car driven by Milton Ebner. The Pickett car was proceeding in the opposite direction from that of the other two. The jury awarded the plaintiff a substantial verdict against the defendants Pickett and the defendants Hendel but found in favor of the defendants Ebner. The court denied the motion of the defendants Pickett to set aside the verdict and the motion of the defendants Hendel to set aside the verdict and render judgment in accordance with their motion for a directed verdict. See Practice Book § 234. Judgment was thereafter rendered against these four defendants, and they have appealed. There is no claim that the verdict was excessive.

These facts are undisputed: In April, 1950, the three defendant drivers were students at the University of Connecticut at Storrs, in the town of Mansfield. There was a dance at the university on the evening of April 21, 1950, which each of the three, with his accompanying partner, attended. Subsequently, the defendant Edward M. Pickett drove the plaintiff and another couple to Willimantic for something to eat. The accident occurred on the state highway which runs in a northerly and southerly direction between Mansfield and Willimantic, as the Pickett car, returning to Storrs, met the other two cars proceeding toward Willimantic. The road, which was straight, consisted of two ten-foot concrete panels with a four-foot hard shoulder on either side and was about twenty-nine feet in width between guard fences. At about 2 a.m. on April 22, 1950, as the defendant Edward M. Pickett drove his car northerly over the crest of a slight rise, the Hendel

car was approaching from the north at a point some 250 feet away, followed by the Ebner car about 80 to 100 feet behind it. Each of these two cars was proceeding on its right-hand side of the roadway. The Pickett car collided first with the Hendel car, then proceeded on and struck the Ebner car. Both collisions occurred on the westerly side of the roadway. The plaintiff was seriously injured. There was ample evidence that Pickett drove his car over the crest at a speed of thirty miles or more an hour, with his car in part, at least, to his left of the center line of the highway, that he was not attentive to his driving, and that he not only did nothing to avoid either of the collisions but, as he proceeded, drove farther to his left to cause them. In the light of this evidence, counsel for the defendants Pickett very properly conceded in oral argument in this court that the jury were warranted in finding their clients guilty of negligence which caused the plaintiff's injuries.

Counsel for the defendants Hendel claim that the evidence did not warrant the jury's finding that there was negligence on the part of driver Hendel which was a proximate cause of the collisions and the plaintiff's injuries. The contention that the physical facts in evidence establish this to be so is without merit. Neither the point of impact on the Hendel car, as indicated by the damage it sustained, nor its wheel marks on the road constitute evidence which required the jury to conclude that he was not negligent. Nor can the further claim of these defendants prevail—that a calculation predicated on the distance between the Hendel car and the Pickett car when the latter first came into view, considered in connection with the possible speeds of the two cars, necessarily leads to such a conclusion. It was for the jury to determine from the evidence how much time

driver Hendel had in which to brake his car or turn aside to avoid the impending peril from the approaching Pickett car and whether he used due care to avail himself of his opportunity. While the interval undoubtedly was brief, his own testimony that he thought the driver of the approaching car might be a friend indulging in horseplay, who would turn back onto his right side of the road in time, was sufficient under all of the circumstances to warrant a conclusion by the jury that he had failed to use the care of a reasonably prudent man to avoid the collision.

The final argument on behalf of the defendants Hendel is that, since the jury failed to find negligence on the part of driver Ebner, who had more time to avoid a collision than did driver Hendel, they were unwarranted in concluding that the latter was negligent. Since, for the reasons stated above, the finding of negligence upon Hendel's part was justified by the evidence, even if the jury's finding that Ebner was not negligent was based on a mistake, that would constitute no reason for disturbing the verdict against the defendants Hendel. But, regardless of this, the trial court in its memorandum denying their motion to set aside the verdict gives full answer to their contention: "The evidence, however, disclosed that the Ebner automobile was close to the highway fence when it was struck and it is also apparent that the Pickett automobile was out of control after the collision with the Hendel automobile. The jury made a logical distinction between the actions of Hendel and Ebner." The court was correct in deciding that the jury's verdict should not be disturbed. *Varley* v. *Motyl,* 139 Conn. 128, 132, 90 A.2d 869.

There is no error.

In this opinion the other judges concurred.