WILLIAM BANSAK ET AL. *v.* WALTER PAWELCZYK ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 15—decision released September 27, 1977

*Daniel Shepro,* for the appellant (named defendant).

*Richard K. Mulroney,* for the appellee (named plaintiff).

PER CURIAM. This negligence action was brought by the plaintiffs to recover damages for personal injuries arising out of an alleged assault by the

defendants. The underlying facts are that the plaintiffs, William Bansak and his partner, entered the defendant Walter Pawelczyk's yard to make a delivery, a dispute arose, and a fight ensued in which Bansak, his partner, Pawelczyk, his son Joseph, and, subsequently, a neighbor were all involved. The important issue for the jury was to determine who had started the fight. They found that Walter Pawelczyk was responsible, that Joseph was not, and awarded damages to both Bansak and his partner. The defendant's motion to set aside the verdict was granted only with regard to the partner, the trial court finding that there was no possible basis in the evidence to support that verdict. The motion to set aside the verdict in favor of Bansak was denied. The defendant appeals from that judgment, claiming error in the trial court's denial of his motion to set aside Bansak's verdict, its refusal to grant a mistrial, and its rulings on several evidentiary matters.

The defendant argues on appeal that the court erred in not setting aside the verdict for Bansak because the jury could not have reasonably and consistently found that one defendant was liable while the other was not. Such an inconsistency is not in itself grounds for disturbing a verdict. *Hauf* v. *Pickett*, 140 Conn. 169, 172, 98 A.2d 818. In deference to both the jury system and a trial court's opportunity to evaluate the evidence before it, the action of the trial court should be sustained unless there is a clear abuse of discretion. *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 555, 561, 316 A.2d 394; *Birgel* v. *Heintz*, 163 Conn. 23, 26–27, 301 A.2d 249; *Camp* v. *Booth*, 160 Conn. 10, 12–13, 273 A.2d 714. The defendant has failed to show such an abuse.

The next claim of error is based on the trial court's refusal to admit medical testimony regarding the nature and extent of the defendant's injuries. As the court noted, however, in sustaining the plaintiff's objection to the testimony, the defendant had raised neither a counterclaim nor a special defense, and, thus, the only issue before the court was whether the defendants had instigated the fight. The defendant's offer of proof failed to reveal anything which would have been material to the issue, and the court was justified in excluding the testimony.

The third and fourth claims of error have to do with references to Pawelczyk's arrest for breach of the peace. During the course of his examination of one of the investigating police officers, the plaintiff's attorney asked whether anyone had been arrested. Out of the presence of the jury, defense counsel moved for a mistrial on the grounds that, even though the question was not answered, the inference to be drawn from the question and the defendant's objection was highly prejudicial. The motion was denied, but the plaintiff's counsel was cautioned against pursuing the issue, and the jury was instructed to disregard any references to an arrest.

It is within the trial court's discretion to determine whether the opportunity for a fair trial is sufficiently remote that a mistrial should be granted. *State* v. *Hafner,* 168 Conn. 230, 245–46, 362 A.2d 925; *State* v. *Grayton,* 163 Conn. 104, 112, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495; *State* v. *Bausman,* 162 Conn. 308, 312, 294 A.2d 312; *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433. In the case before us, the court was within its discretion in denying the motion for a mistrial, and it must be assumed that "any possi-

ble harm" was avoided when it made the cautionary instruction to the jury. *Weimer* v. *Brock-Hall Dairy Co.,* 131 Conn. 361, 367, 40 A.2d 277; *State* v. *Rogers,* 143 Conn. 167, 177–78, 120 A.2d 409, cert. denied, 351 U.S. 952, 76 S. Ct. 850, 100 L. Ed. 1476.

The other claim of error which relates to the arrest has to do with the admission of the police report, which, according to the defendant, contained only the plaintiff's version of the incident, and, further, referred explicitly to the arrest and booking of the defendant. The police report itself, which was made in the regular course of business by the police officer who had been sent to investigate the incident, was properly admissible as evidence under General Statutes § 52-180. Parts of the report were illegible, and, at the request of defense counsel, the report was read aloud in the presence of the jury. In this manner the jury learned of the defendant's arrest and booking, for the words "arrest" and "booking" had been the illegible parts of the report. Once again, the judge cautioned the jury that an arrest was irrelevant in a civil action, and that they should disregard any reference to it in the police report. Under the circumstances of this case, the instruction was sufficient to cure the presence of objectionable material in an otherwise admissible police report. See *Mucci* v. *LeMonte,* 157 Conn. 566, 570, 254 A.2d 879; *Guarnaccia* v. *Wiecenski,* 130 Conn. 20, 25, 31 A.2d 464. Further, the defendant cannot be heard to complain that the arrest and booking were called to the attention of the jury, since this was done through the action of his counsel. *State* v. *Zdanis,* 173 Conn. 189, 193–96, 377 A.2d 275; see *State* v. *Kinsey,* 173 Conn. 344, 349, 377 A.2d 1095; *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A.2d 546.

The defendant's final claim on appeal is that the trial court erred in admitting workmen's compensation agreements which contained hearsay descriptions of the plaintiff's injuries. The reports were admitted as public records under General Statutes § 1-19, and the jurors were instructed that they were being admitted only for the purpose of showing rate of wàges, time lost from work, and medical expenses, and that anything else contained in the agreements was to be disregarded. Again, under the circumstances here, the cautionary instruction was sufficient to cure the defendant's objection. See *Mucci* v. *LeMonte,* supra; *Guarnaccia* v. *Wiecenski,* supra. In addition, since the plaintiff did introduce independent evidence regarding the nature and extent of his injuries, the defendant has failed to meet his burden of showing that the trial court's ruling, even if arguably erroneous, was harmful to him. See *State* v. *Vennard,* 159 Conn. 385, 393, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625; *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 495, 234 A.2d 825.

On appeal, the defendant has failed to demonstrate that the trial court abused its discretion or that its evidentiary rulings were both erroneous and harmful to him.

There is no error.