## STATE OF CONNECTICUT *v.* LOUIS HAWTHORNE

COTTER, C. J., BOGDANSKI, LONGO, SPEZIALE and PETERS, Js.

Argued October 11—decision released December 26, 1978

*David M. Abbamonte,* special public defender, for the appellant (defendant).

*Frank S. Maco,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Walter D. Flanagan* and *Eugene C. Callahan,* assistant state's attorneys, for the appellee (state).

SPEZIALE, J. The defendant, Louis Hawthorne, who was charged with robbery in the first degree, in violation of General Statutes § 53a-134 (a) (4), for the robbery of a Greenwich gas station, was found guilty by a jury of the lesser included offense of robbery in the second degree, in violation of General Statutes § 53a-135 (a) (2). On appeal the defendant contends that: (1) the failure of the court to suppress the confession of the defendant was error, because it was made involuntarily and under duress; and (2) the court's denial of his motion for mistrial was error, because the remarks made by the state's attorney during closing argument were prejudicial and therefore denied the defendant a fair trial.[1]

A hearing on the defendant's motion to suppress was held by the court out of the presence of the jury. The court found, inter alia, the following facts: On Friday, July 16, 1976, the defendant was first arrested as a suspect in the robbery of a gas station earlier that day in Norwalk. After stopping at the Stamford police station at about 10:45 p.m. the police took the defendant to the Norwalk police headquarters, where he spent the night in the cell block, slept, and was served two meals. At about 5:15 p.m. on Saturday, July 17, 1976, Officer Thomas Riley of the Norwalk police department interviewed the defendant, taking a written statement from him concerning the Norwalk robbery. Officer Riley was familiar with the symptoms of drug addiction. During the interview the accused made no com-

---

[1] The defendant also initially had challenged the constitutionality of § 53a-134 (a) (4). He withdrew that claim at oral argument because of our decision in *State* v. *Hawthorne*, 175 Conn. 569, 402 A.2d 759, which upheld the statute against a similar challenge by the same defendant on the appeal of a different conviction.

plaints, appeared to be in good physical condition without injuries, and was cooperative. The officer used no psychological pressure, and, although the topic of the accused's drug involvement arose, the officer observed none of the common symptoms of drug abuse, other than some old "track marks" on the accused's arm. The Norwalk police department has a policy that when anyone being interviewed indicates he has a drug problem, he is taken to the hospital for an examination. Officer Riley offered to take the accused to the hospital during the interview, but the defendant stated that there was no problem and that he would rather finish the statement first. After the statement was completed Hawthorne continued to be cooperative, alert and made no complaints about drug withdrawal.

Shortly thereafter, Hawthorne agreed to talk to Officer J. Joseph McGlynn of the Greenwich police department. McGlynn advised him of his rights and the defendant stated he understood them and initialed each sentence of the written rights that were read to him. He was then interviewed for approximately fifty minutes concerning the robbery in Greenwich, and, during that period of time, he willingly gave a written statement concerning the Greenwich incident. After the second interview, the accused was taken to Norwalk Hospital, where he was admitted on July 17, 1976, at 6:40 p.m., and released twenty-five minutes later. The hospital records show that he complained of stomach cramps and that he told the hospital personnel that he was on heroin and was having withdrawal symptoms; and the diagnosis was that the defendant was a heroin addict with withdrawal symptoms. Officer McGlynn, who was also trained in narcotics and dangerous drugs, not only saw no signs of any drug

withdrawal symptoms in the behavior of the accused, but found him to be cooperative, polite and alert. During this time with McGlynn the defendant did not appear to be injured nor did he request medical assistance. After the statement was taken from the defendant he read it back to McGlynn clearly, accurately and intelligibly; and then signed it, after stating that it was true.

## I

We first consider the defendant's claim that the court erred in refusing to suppress his confession as an involuntary statement made under duress. The defendant contends that he was in need of medical attention for drug withdrawal symptoms and that in order to obtain that aid he submitted to the interview and gave a statement.

It is the state's burden to prove that the challenged confession was made voluntarily. The standard of proof required to show that the challenged confession was voluntary is by a preponderance of the evidence. *Lego* v. *Twomey,* 404 U.S. 477, 92 S. Ct. 619, 30 L. Ed. 2d 618 (1972) (preponderance of evidence standard *minimum* requirement that all states must meet); *State* v. *Staples,* 175 Conn. 398, 399 A.2d 1269 (Connecticut standard, following *Lego:* preponderance of evidence test). The prosecution had the burden of proving by a fair preponderance that the confession was voluntary. *State* v. *Bartee,* 167 Conn. 309, 313, 355 A.2d 250 (1974).

The testimony of the two police officers concerning the defendant's behavior before, during and after the interviews[2] conflicted with the defendant's

---

[2] The accused was interviewed about two incidents, first concerning the Norwalk robbery and then concerning the Greenwich robbery. The issue of admissibility on appeal involves only the second state-

version. The trier of fact, however, is the ultimate judge of the credibility of witnesses and the weight to be accorded their testimony. *State* v. *Penland,* 174 Conn. 153, 157–58, 384 A.2d 356 (1978). This court cannot retry the facts or pass upon the credibility of the witnesses. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975). It is apparent that the court chose to believe the police officers rather than Hawthorne, and that is within its province. Although the court did not state the standard of proof it used, it is implicit from its finding that the state had sustained its burden of proving the challenged confession to be voluntary by at least a preponderance of the evidence. On the basis of the court's finding, which is supported by the record, we conclude that the court did not err in denying the defendant's motion to suppress the confession.

## II

The defendant also claims error in the court's refusal to grant his motion for mistrial. At trial the state's attorney, in closing argument, referred to the defendant's incarceration since arrest;[3] however, there had been no evidence introduced at trial concerning the defendant's incarceration. After the state's attorney concluded his argument the defend-

ment, but the trier was of course free to take account of the defendant's behavior both before and after that statment was taken to determine its admissibility.

[3] The remark was not recorded, but the state has admitted that it made the comment, and, therefore, we find the absence of transcription to be insignificant. See *State* v. *Sawicki,* 173 Conn. 389, 396, 377 A.2d 1103 (1977) (unrecorded prosecutorial comment not considered on claim of prejudice, but state's attorney denied making remark and trial court observed, "I don't recall that either").

ant objected,[4] whereupon the court offered to give a curative instruction to the jury. The defendant's counsel declined, stating that it would not help, but would exacerbate the prejudicial impact of the remarks. Instead, he moved for a mistrial, which the court denied.

"The rule in this state is that a motion for mistrial 'should be granted as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it the accused cannot have a fair trial and the whole proceedings are vitiated.' *State* v. *Leopold,* 110 Conn. 55, 60–61, 147 A. 118. Furthermore, '[t]he trial court has a wide discretion in passing on motions for mistrial.' *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433." *State* v. *Hafner,* 168 Conn. 230, 245–46, 362 A.2d 925, cert. denied, 423 U.S. 851, 96 S. Ct. 95, 46 L. Ed. 2d 74 (1975); *Bansak* v. *Pawelczyk,* 173 Conn. 520, 522, 378 A.2d 569 (1977). The defendant must prove to the trial court that the remarks made by the prosecutor were so prejudicial that the defendant was deprived of the opportunity for a fair trial and the entire proceedings were tainted.

---

[4] The state contends that the defendant's objection was not timely made, because the defendant's attorney did not object instantly, but waited until the prosecution had completed its closing argument. We do not agree. An objection is timely and *not* waived if it is made "at the time [the remarks] were made *or at the close of the argument.*" (Emphasis added.) *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899 (1960). *State* v. *Laudano,* 74 Conn. 638, 644, 51 A. 860 (1902), holds that in such cases the remarks must be objected to when made or at least during the trial. The defendant met the above requirements by objecting immediately after the state's attorney completed his remarks.

The state also contends that the objection was waived by the defendant's decision not to accept a curative instruction. That argument fails because the defendant did object timely and later moved for a mistrial.

The issue now before us is whether the court abused its discretion in denying the motion for mistrial. "A well established rule is that a statement by counsel, not under oath, of a material fact pertinent to the issues unsupported by evidence, and prejudicial to the opposing party, constitutes reversible error unless it appears that the prejudicial effect has been effectively averted by an instruction to disregard the statement, or otherwise." *State* v. *Santello,* 120 Conn. 486, 490, 181 A. 335 (1935). The reference to the defendant's imprisonment was not based on any introduced evidence.[5] There could be certain circumstances where "a statement might be highly prejudicial, but under others not so regarded." *State* v. *Santello,* supra, 491. In some cases the injurious effect may be so great that even a curative instruction is not enough to dispel it. Id. In this case, the defendant chose to forgo such an instruction. The trial court, nevertheless, could well have decided that the remarks, even if prejudicial enough to warrant an instruction, did not call for a mistrial. Obviously, simply because the defendant refused the curative instruction offered is not sufficient reason to declare a mistrial. It is peculiarly within the province of a trial court to weigh such

---

[5] During the trial the accused appeared in prison garb with guards behind him. The state, therefore, contended that its remarks were not prejudicial, because the jury could already see that the accused was incarcerated. We do not consider that factor as an element of the claim of prejudice, because defense counsel never objected to it and, in fact, specifically waived any objection in his brief and at oral argument. However, it should be noted that while a trial court is not compelled to request a change to civilian attire absent an objection by the defendant; see *Estelle* v. *Williams,* 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976); § 2378 of the 1963 Practice Book, as amended, states in relevant part: "An incarcerated defendant or an incarcerated witness shall not be required during the course of a trial to appear in court in the distinctive attire of a prisoner or convict."

factors and arrive at a fair solution. *State* v. *Hafner,* supra. We cannot open the door to defense counsel's opting for mistrial over instructions, as if the two were interchangeable. If defense counsel decides to move for mistrial and altogether eschews the instruction, the trial court cannot be compelled by that decision to go further than it otherwise would.

The court concluded, within the wide discretion accorded trial courts in ruling on motions for mistrial, that under the circumstances the remarks of the state's attorney did not warrant such an extreme remedy as a mistrial. Furthermore, we find nothing in the record to indicate that the court was wrong in its conclusion, or that those remarks in any way contributed to the verdict. We, therefore, hold that the court did not abuse its discretion in denying the defendant's motion for mistrial.

There is no error.

In this opinion the other judges concurred.