[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MISTRIAL
The plaintiff in this case has moved for a mistrial of the above matter which had been tried before this court on the following dates: October 2, 3, 4, 16, 17, 18 and November 1st, 2nd and 9th. Mr. Roach was present during all of the trial, sitting with his counsel and occasionally interrupting both his counsel and the court with his comments.
The ground for a motion for mistrial is that the opportunity for a fair trial is sufficiently remote that a CT Page 3091 mistrial should be granted. See Bansak v. Pawolczyk, 173 Conn. 520
at 522 (1977). See also Dreier v. UpJohn Co., 196 Conn. 245
at 251 (1985) where the court said, "The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated.
The plaintiff filed his motion after the trial of the matter had been completed. The grounds he stated were as follows:
1. His lawyer had lied to him about the date of the trial and his preparation for it.
2. His lawyer had not obtained sufficient discovery of records concerning the defendant's ability to work, in particular, her social security disability records.
3. His lawyer had not kept him sufficiently informed of the details of his meetings and conference with counsel for the defendant.
While the plaintiff is representing himself in the drafting and hearing on this motion, it was apparent that he has had some experience in this area. He has in the past filed some ten motions and he has conducted three depositions. He has also represented himself in the New York courts. All of this was part of his testimony on cross-examination. In addition, the very claims he makes here of insufficient discovery were identical with claims he made when this matter was first before the court on the first trial in 1988. (This case is a new trial ordered by the appellate court following the first trial.)
There was in the court's opinion ample evidence with respect to the defendant's ability or lack of it to work including the fact that she is receiving Social Security Disability benefits. The extent of her disability was questioned throughout the trial by plaintiff's counsel, and he offered evidence to substantiate his position on the matter.
Consequently, in the court's opinion, there is nothing in the plaintiff's claims which in the court's opinion amount to proof that he did not have a fair trial and could not have had a fair trial without the evidence he claims was not produced.
The motion is, therefore, denied.
MARGARET C. DRISCOLL STATE TRIAL REFEREE CT Page 3092