[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant here moved to suppress his oral and written statements to police officers which followed his arrest on June 13, 1991. The court had initially denied the motion in toto and CT Page 8027 later, when other evidence was heard, granted the motion to suppress the written statement on the grounds that the requirements of Miranda v. Arizona, 384 U.S. 436, and Edwards v. Arizona,451 U.S. 477 were not met. This written memorandum is filed as required by Practice Book Section 4059, as the hearing was held during the defendant's jury trial which is now concluded.
 I.
The court finds that both the oral statement and the written statement were voluntary under State v. Chung, 202 Conn. 39, 53-55
1987), see Lego v. Twomey, 404 U.S. 477 (1972), State v. Hawthorne, 176 Conn. 367 (1978) and State v. Toste, 198 Conn. 573
(1986).
The State has more than met its burden of proof by a fair preponderance of the evidence in this respect.
The Court makes the following factual findings.
The defendant was arrested about 2:45 p.m. on June 13, 1991, near the driveway of his home in Middlebury by Trooper Shawn Byrne of the Connecticut State Police. At the time, the defendant was on the ground, as he was ordered to lie down by Lt. Bona of the Middlebury Police after leaving his truck. Upon being handcuffed, patted down and being brought to his feet by Byrne, the defendant was advised in full of his Miranda rights by Byrne. After the rights were given the defendant, Byrne asked if he understood them and he told Byrne that he did. The defendant was then taken to Byrne's police car and transported to the Southbury barracks of the State Police. Sergeant Mucherino of the State Police accompanied Byrne and the defendant in the vehicle. En route, Mucherino advised the defendant the police did not need a statement from him as they had sufficient evidence, but that his cooperation with a statement would be beneficial for the defendant.
The defendant arrived at the barracks about 3:15 p.m. and after being processed and fingerprinted, was asked if he would give an oral statement as to the attempted armored car robbery that day in Barkhamsted. The defendant agreed and gave an oral account of the robbery, including his and others' involvement. Thereafter, Mucherino asked the defendant if he would give a written statement and Byrne read to and asked the defendant to initial an advise of Miranda rights form and sign a waiver of rights form. CT Page 8028
While the form was being read, the defendant inquired if he should have an attorney and Byrne replied the choice was his to make. The defendant hesitated a few minutes and then executed the waiver of rights and gave a written statement. The notice of rights was given at 3:21 p.m., and the written statement completed at 5:30 p.m. on that day. In his statement, the defendant stated the statement was voluntary.
The defendant testified at the suppression hearing and the court finds that the defendant had completed one year of technical school, including courses in mechanical engineering, algebra, dynamics and mechanics, had graduated from high school, and had worked a number of years as a building contractor, supervising construction. His education and employment, together with his testimony, demeanor and conduct on the witness stand demonstrated he was capable of fully understanding his situation and controlling his activities at the time. The defendant was not under the influence of any drugs or alcohol at the time and was a mature adult of more than normal intelligence. There is no evidence that his statements were not voluntary.
The court finds no credible evidence that the defendant was in any badgered or abused by the officers so that his capacity for decision-making was in any way impaired by the police conduct. State v. Falby, 187 Conn. 6, 18.[1]
Sergeant Mucherino told the defendant it might be beneficial for him to cooperate with police concerning the crime during the ride from Middlebury to the barracks. However, the defendant testified he had no recollection of any such statement. The court, in these circumstances, cannot find this statement was the procuring cause of either statement and Mucherino's words were not claimed at the hearing by defendant's counsel to be grounds to suppress the statements.
Furthermore, such a general statement, not a promise of specific benefit nor falsely made does not render a subsequent statement involuntary. State v. Chung, 202 Conn. 39, 54-47
(1987); United States v. Pomares, 499 F.2d 1220 (2nd Cir. 1974); United States v. Alvarado, 882 F.2d 645, 649-50 (2nd Cir. 1989) and United States v. Anderson, 929 F.2d 96, 101 (2nd Cir. 1991).
II. CT Page 8029
The court finds that the oral statement was not obtained by the police in violation of the requirements of Miranda v. Arizona, supra. The court finds that the defendant was fully advised of his Miranda rights by Byrne at the time of his arrest, stated he understood his rights, was capable of waiving those rights, and did so before giving the oral statement to Mucherino. State v. Chung, supra, pps. 48-51.
The written statement given to Byrne, however, concerns for the first time the defendant's uncertainty about giving a statement without consulting with counsel. This gave rise to the court suppressing the written confession, although it presents a close question. See Edwards v. Arizona, supra.
The defendant did initial the rights notice form and did sign the waiver form. He also acknowledged waiving his rights in the written statement which he acknowledged to be voluntary. However, the uncertainty raised by the defendant whether to proceed without counsel leads this court to so rule.
Accordingly, the motion to suppress is granted as to the written confession under Edwards v. Arizona, supra and Miranda v. Arizona, supra. In all other respects, the motion is denied.
McDONALD, J.