## STATE OF CONNECTICUT *v.* DAVID LANIER
## (12776)

O'Connell, Spear and Hennessy, Js.

Argued May 24—decision released September 26, 1995

*Donald D. Dakers,* special public defender, for the appellant (defendant).

*Michele C. Lukban,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Kevin Murphy,* assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant appeals from the judgment of conviction, rendered after a trial by jury, of robbery in the first degree in violation of General Stat-

utes § 53a-134 (a) (4).[1] The defendant claims that the trial court improperly (1) denied the motion for mistrial which the defendant based on an allegedly improper prosecutorial comment made during closing argument, and (2) instructed the jury on the elements of robbery in the first degree. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On November 5, 1992, at approximately 6:45 p.m., the victim, David Carter, used an automatic teller machine in the Civic Center Mall in Hartford. Carter withdrew two $20 bills from the machine and then entered a nearby public restroom. While Carter was in the restroom, the defendant came up behind him, stuck an object that felt like a gun against his back and said: "I have a gun, give me the money." Carter responded that he had no money. The defendant then turned Carter around, and demanded his watch and wallet. After a scuffle, which resulted in Carter's being pushed into a stall by the defendant, Carter handed over the requested items. The defendant took the $40 and some credit cards out of the wallet, and discarded the wallet and the remaining cards. Carter was able to observe the defendant throughout the encounter, and did not see a gun. During the robbery, another man entered the restroom, observed what was happening and hurriedly left.

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

General Statutes § 53a-133 provides in relevant part: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking . . . ."

The defendant closed the stall door, told Carter not to leave, and ran from the restroom. Carter emerged from the stall, picked up his wallet and the remaining credit cards and ran out of the restroom. Carter observed the defendant at the end of a long hallway leading back into the mall area and began to chase him. As Carter chased the defendant through the mall, yelling for help, two men tackled the defendant as he ran toward an exit. The defendant was then turned over to security guards who held him until the police arrived. No gun, watch or credit cards were found on the defendant, but $44, including two $20 bills, were found in his pocket.

At trial, the defendant testified that he was at the Civic Center with his mother on November 5, 1992, and that she gave him $20. The defendant claimed that he and his mother went to the restroom area, and that when he entered the men's room he heard scuffling from inside one of the stalls and someone saying, "Give me your money." The defendant stated that, not wanting to become involved, he rejoined his mother and began walking back toward the mall area. The defendant testified that a man ran past them and, a few moments later, Carter came running after the defendant yelling that he had robbed him. The defendant ran from Carter and was subsequently tackled and arrested.

I

The defendant first claims that the trial court improperly denied his motion for a mistrial. That motion was based on an allegedly improper prosecutorial comment made during closing argument. The defendant contends that the prosecutor's repeated comments that there was no dispute that a first degree robbery had occurred violated due process by suggesting to the jury that the state did not have to prove every element of the crime. We disagree.

The following additional facts are necessary for the disposition of this claim. In his closing argument, the prosecutor twice stated that there was no dispute that a robbery in the first degree had been committed.[2] When the state made the second of these references, the defendant objected. In argument over the objection, which took place in front of the jury, the state explained that in conversations that took place off the record the defense had indicated that it was not disputing that a first degree robbery had occurred and that it was defending against the charges on the theory that the defendant was not the guilty party.[3] The trial court overruled the defendant's objection. After the defendant's closing argument, he moved for a mistrial on the basis of comments made by the prosecutor during closing argument, including those made in response to the objection. The challenged comments were heard by the jury. The trial court found that the prosecutor's statements were harmless and denied the motion for a mistrial.

---

[2] That relevant portion of the state's closing argument is as follows: "Now let me summarize what is undisputed in this case. What's undisputed in this case is that a robbery first degree was committed that a person with intent to take someone else's property used force on another person to get that property to the—compel him to turn the property over and to keep him from—to help him escape, and the judge will give you the instructions but there's really no dispute that a robbery was committed and there's no dispute that the person who robbed the—the victim in this case, that person threatened to use—threatened to use a gun or indicated that he had a gun. So there is no dispute in this case, and defense will have the opportunity to respond if necessary but basically there's no dispute that a robbery first degree [was] committed . . . in this case." Later in its presentation, the prosecution referred to this point stating: "And you have to decide ultimately, again, since it's not disputed that a robbery first degree was committed here . . . ."

[3] The state made the following representation in response to the defendant's objection. "Well, Your Honor, in our discussions without the jury present, counsel has previously indicated they weren't disputing that a robbery first degree was committed, just that the defendant—there was obviously a dispute as to who committed it. And I—all I'm doing is I—I'm relying on that representation in my closing argument."

The law is clear that prosecutorial misconduct may, in light of all the facts and circumstances of a particular trial, have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." (Internal quotation marks omitted.) *State* v. *Williams*, 204 Conn. 523, 539, 529 A.2d 623 (1987), quoting *Darden* v. *Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 90 L. Ed. 2d 144 (1986). In cases where it is argued that prosecutorial misconduct requires a new trial, "[w]e do not focus alone, however, on the conduct of the prosecutor. The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct. *State* v. *Palmer*, 196 Conn. 157, 163, 491 A.2d 1075 (1985), quoting *State* v. *Ubaldi*, 190 Conn. 559, 562, 462 A.2d 1001, cert. denied, 464 U.S. 916, 104 S. Ct. 280, 78 L. Ed. 2d 259 (1983) . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Williams*, supra, 539–40. When a defendant argues that an improper prosecutorial comment made during closing argument deprived him of a fair trial, our inquiry "is not . . . whether the remarks in question were proper or improper, but . . . whether the action of the trial court in refusing to grant a new trial on account of them, in the exercise of its discretion, so far exceeded or abused the discretion committed to it in a matter of this kind as to warrant us in granting a new trial." (Internal quotation marks omitted.) *State* v. *Fullwood*, 194 Conn. 573, 584, 484 A.2d 435 (1984); see *State* v. *Hawthorne*, 176 Conn. 367, 373–74, 407 A.2d 1001 (1978).

The record in this case does not disclose that an improper comment deprived the defendant of a fair trial. The prosecutor's explanation for why he told the jury that it was "undisputed" that a first degree robbery had occurred, reveals that there was no deliberate attempt to misdirect the jury. Furthermore, although it

was not proper for the prosecution to refer to the contents of off the record conversations with defense counsel that took place "outside the presence of the jury," it was not so flagrantly improper that its effects were irremediable. The trial court, in its instructions to the jury, made it clear that the state had the responsibility of proving every element necessary to constitute the crime charged beyond a reasonable doubt based on facts established by the evidence. The court also directed the jury that "certain things are not evidence and you may not consider them in deciding what the facts are. These include the arguments and statements by the lawyers. The lawyers are not witnesses, what they have said in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence." These instructions were sufficient to preclude any possible taint injected in the proceedings by the improper prosecutorial comment.[4]

We agree with the defendant that each of the challenged statements by the prosecution was inappropriate and potentially damaging. After reviewing the record, however, we find that the prosecutorial overreaching in this case is not so egregious as to offend due process. Thus, we do not find that the trial court, in refusing to grant a mistrial, so far exceeded or abused its discretion as to require us to grant a new trial. *State* v. *Fullwood*, supra, 194 Conn. 584.

## II

The defendant also claims that the trial court improperly instructed the jury on the definition of robbery in

---

[1] The defendant also claims that the trial court should have, sua sponte, given a curative instruction. We note, however, that the trial court's instructions, clearly directing the jury not to consider any comments of trial counsel that were not evidence, acted to preserve the fairness of the proceedings. See *State* v. *Negron*, 221 Conn. 315, 330–31, 603 A.2d 1138 (1992); *State* v. *Wilson-Bey*, 21 Conn. App. 162, 170–71, 572 A.2d 372, cert. denied, 215 Conn. 806, 576 A.2d 537 (1990). The defendant's claim that an additional curative instruction was necessary is without merit.

the first degree. The trial court instructed the jury, in part, that "[i]t is sufficient to charge the defendant with the crime if the victim is made to believe that the object is such a weapon." The defendant contends that this portion of the charge misled the jury by allowing it to find the defendant guilty of robbery in the first degree solely on the basis of the victim's subjective belief that an object used in the robbery was a firearm. We disagree.

As a threshold matter, we note that "[b]ecause the defendant first raises this claim on appeal, this claim would ordinarily not be reviewable . . . . The defendant's contention, however, that the court's instructions failed to inform the jury adequately of all the essential elements of the crimes charged raises the possibility of a due process violation affecting the fairness of the trial. We have held that such unpreserved constitutional claims are reviewable on appeal, but we have limited the scope of such review because '[d]ue process is not to be regarded as a giant constitutional vacuum cleaner which sucks up any claims of error which may occur to a party upon microscopic examination of the trial record.' *State* v. *Kurvin*, 186 Conn. 555, 564, 442 A.2d 1327 (1982). Our review of such claims is limited to determining whether, '[considering the substance of the charge rather than the form of what was said, it is reasonably possible that the jury was misled.' *State* v. *Zayas*, 195 Conn. 611, 617, 490 A.2d 68 (1985) . . . ." (Citations omitted.) *State* v. *McMurray*, 217 Conn. 243, 253–54, 585 A.2d 677 (1991).

Placing the challenged instruction in context, the trial court instructed the jury in relevant part: "The defendant is guilty of robbery in the first degree if he threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm. It is not required that such weapon be operable or that the defendant actually have a firearm.

He need only represent by his words or conduct that he is so armed to be guilty of the crime of robbery in the first degree. It is sufficient to charge the defendant with the crime if the victim is made to believe that the object is such a weapon. If you find beyond a reasonable doubt that a robbery was committed by the defendant and in the course of its commission he threatened the use of what he represented by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, you should return a verdict of guilty of robbery in the first degree. If, however, you do not find all the elements are proven beyond a reasonable doubt, your verdict on this count must be not guilty or would be not guilty." Viewed as a whole, it is evident that this portion of the charge did not mislead the jury as to the essential elements of the crime charged. The one statement challenged by the defendant, when viewed in the context of the charge as a whole, does not demonstrate a reasonable possibility that the jury was misled. The defendant's claim of improper jury instructions must fail.

The judgment is affirmed.

In this opinion the other judges concurred.